UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-80173-CR-AMC

**UNITED STATES OF AMERICA,**

v.

**GREGORY MALCOLM GOOD, and
WILLIAM MICHAEL SPEARMAN,**

      **Defendants.**
_____/

## GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER AS TO DEFENDANT WILLIAM MICHAEL SPEARMAN

Pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3509, the United States of America hereby files this Unopposed Motion for Protective Order, and respectfully requests that the Court enter the attached proposed order restricting the dissemination of material that will be and has been disclosed to Defendant William Michael Spearman and his defense team pursuant to the Standing Discovery Order, which the government anticipates the Court will enter following the arraignment on January 3, 2023. In support thereof, the Government states as follows:

On November 17, 2022, a federal grand jury returned a superseding indictment charging Defendant William Michael Spearman ("Spearman") with conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d) and (e), conspiracy to distribute child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g). *See* DE 12. The government anticipates that the Court will enter its Standing Discovery Order following Defendant Spearman's arraignment in January 2023.

The United States is preparing to produce discovery to Spearman. The discovery in this

case includes, among other things, (1) large volumes of information about a website that, along with its users, is under criminal investigation by law enforcement authorities in the United States and elsewhere, and which information, if publicly disclosed, could compromise ongoing investigations, (2) information concerning sensitive law enforcement techniques and sources of information that, if publicly disclosed, could compromise ongoing investigations, (3) child pornography, devices containing child pornography, and evidence that is otherwise intermingled with child pornography, and (4) information concerning child victims. In order to produce discovery to Spearman and his counsel while protecting these and other categories of sensitive information, the United States asks the Court to enter the attached proposed order.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States,* 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Crime victims, possess a statutory "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Courts are directed to "ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). Attorneys for the Government are empowered by statute to "assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1).

18 U.S.C. § 3509(d)(1) provides restrictions on the use and dissemination of any

information in a criminal proceeding that may identify a child victim or witness. Under this provision, such information must be kept in a secure place and may be disclosed only to people who have reason to know such information. 18 U.S.C. § 3509(d)(2) also provides that information identifying child victims or witnesses must be filed under seal "without necessity of obtaining a court order." Federal law is so protective of information concerning child victims and witnesses that a knowing or intentional violation of 18 U.S.C. § 3509(d) is punishable by up to one year in prison. *See* 18 U.S.C. § 403.

18 U.S.C. § 3509(m)(1) and (2) provide that "[i]n any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court." They further provide that:

> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

In light of the foregoing, the Government respectfully requests that the Court enter an order placing the restrictions on the discovery materials made and to be made available to Spearman in this case as set forth more specifically in the attached proposed order

Similar protective orders have been entered in other matters in the Southern District of Florida to ensure the integrity of sensitive information disclosed in discovery. *See, e.g., United States v. Rosenstein*, Case No. 22-80107-CR-AMC [DE 22]; *United States v. Solove*, Case No. 20-80025-CR-DMM [DE 31]; *United States v. Price*, Case No. 13-20836-CR-UU [DE 27]; *United*

*States v. Baston*, Case No. 13-20914-CR-CMA [DE 26]; *United States v. Revay*, Case No. 13-60074-CR-RNS [DE 22]; *United States v. Vargas et al.*, Case No. 12-20247-CR-JEM [DE 19, 36]; *United States v. Flanders et al.*, Case No. 11-20557-CR-KMM [DE 76].

The undersigned has conferred with counsel for Spearman. Counsel has authorized the undersigned to represent that counsel has no objection to entry of the protective order sought.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: *s/Gregory Schiller*
GREGORY SCHILLER
ASSISTANT U.S. ATTORNEY
Court ID # A5501096
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
Phone: (561) 209-1045
Email: gregory.schiller@usdoj.gov

By: *s/Kyle Reynolds*
KYLE REYNOLDS
TRIAL ATTORNEY
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
Court ID # A5502872
1301 New York Avenue, NW
Washington, DC 20005
Phone: (202) 616-2842
Email: kyle.reynolds@usdoj.gov

By: *s/William G. Clayman*
WILLIAM G. CLAYMAN
TRIAL ATTORNEY
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
Court ID # A5502958
1301 New York Avenue, NW
Washington, DC 20005
Phone: (202) 514-0040
Email: william.clayman@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 22, 2022, I electronically filed the foregoing document with the Clerk of the Court, and served a copy upon all counsel of record, using CM/ECF.

                                             By:   *s/Gregory Schiller*
                                                                Gregory Schiller
                                                                 Assistant United States Attorney

                                             By:   *s/Kyle Reynolds*
                                                                Kyle Reynolds
                                                                 Department of Justice Trial Attorney

                                             By:   *s/William G. Clayman*
                                                                William G. Clayman
                                                                 Department of Justice Trial Attorney