UNITED STATES MAGISTRATE COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-CR-80173-2-AMC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **PERSUANT TO PROTECTIVE ORDER** |
| | ) | |
| WILLIAM MICHAEL SPEARMAN, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**GOVERNMENT'S FIRST RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this first response to the Standing Discovery Order as to

defendant, William Spearman.  This response also complies with Local Rule 88.10 and Federal

Rule of Criminal Procedure 16 and is filed pursuant to the Protective Order in this case.

A.  1.  The government is aware of written or recorded statements made by the defendant that are contained on his digital devices and in the communications of his social media accounts.  Several of those conversations have been included in the response to this production of discovery, but because they contain contraband, many of the conversations are available for review as outlined below.

2.  Attached is the portion of the audio recording containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

3.  No defendant testified before the Grand Jury.

4.  The defendant's prior criminal record is attached.

5.  Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at:  the Office of the United States Attorney, 500 A. Australian Ave., West Palm Beach, Florida, Suite 400.  Please call

1

the undersigned within 48 hours if you intent to review the evidence to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

The government is in possession of the following devices seized from the defendant's residence on November 2, 2022.  The extraction of these devices are available for review by defense counsel as outlined above because they contain contraband of child exploitation material:

    a.  Lenovo Laptop, serial #R9-V3NC9 with 32gb SanDisk flash drive;
    b.  Galaxy S10E phone, serial #R58M22E327F;
    c.  HGST hard drive, serial #Y1GE9Y6L;
    d.  Getac, serial #RC439S0359;
    e.  256gb SanDisk flash drive;
    f.  INFIN ITIV 32gb, serial #BM180325869B;
    g.  32gb PNY flash drive;
    h.  16gb red thumb drive;
    i.  128gb Lexar archive backup;
    j.  128gb Strantium thumb drive;
    k.  Seagate external hard drive, serial #NABR6R52;
    l.  Seagate external hard drive, serial #NAB53CGA;
    m.  Seagate external hard drive, serial #NAB53CBM;
    n.  Seagate external hard drive, serial #NABR6R4T;
    o.  Samsung SSD 512GB, serial #5250NX0H431721Z;
    p.  Samsung hard drive, serial #S35TJ9EG827365;
    q.  Toshiba Laptop, serial #XC301289R;
    r.  128gb PNY thumb drive; and
    s.  Lenovo Laptop, serial #PCODTEGP

Additionally, the government is in possession of a copy of the server that maintained "Website A" as is available for inspection at the Federal Bureau of Investigation – West Palm Beach.  Communication with the undersigned in advance of previewing the same is advisable because of the technical nature of the evidence.

6.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.           DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10.   This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.           The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.           The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.           The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.           No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G.           The government has advised its agents and officers involved in this case to preserve all rough notes.

H.           The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b).  Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

                You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.           The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J.           The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial.

K.           No contraband is involved in these cases, other than the child pornography from the online communications captured by law enforcement officers and

recovered from the defendant's digital devices.

L.        The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.        The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The attachments to this response include the following, and will be provided on a flash drive:

a.  One (1) .PDF file entitled, "US v. Good, et al (Spearman), 22-CR-80173-2-AMC, Bates Numbers 00001 – 02452"; and
b.  One (1) .ZIP file entitled, "Crime Scene Photos" containing 664 photos captured by law enforcement at the time of the execution of the Spearman residential search warrant in this case on November 2, 2022;
c.  One (1) .MP4 video file entitled, "HRT – Spearman.mp4";
d.  One (1) .MPG video file entitled, "HRT – Spearman.mpg";
e.  One (1) .XLSX file entitled, "All 'Website A' Mail.xlsx";
f.  Two (2) .TX files entitled as follows:
    a.  "CAM-2022-11-02-164023.ts"; and
    b.  "CAM-2022-11-02-175644.ts";
g.  Four (4) File files entitled as follows:
    a.  Clip 3;
    b.  Clip 11;
    c.  Recordings of Spearman to 'M'_0000015_1A0000034_0000002; and
    d.  Recordings of Spearman to 'M'_0000015_1A0000034_0000003;
h.  Thirteen (13) .MP3 audio files entitled as follows:
    a.  Interview of Clay Trimble 07.27.2021 - 210727_1707.mp3;
    b.  Interview of David Craig 01.20.2022(1) - 220120_1009.mp3;
    c.  Interview of David Craig 01.20.2022(2) - 220120_1054.mp3;
    d.  Interview of Gregory Good 10.04.2022 - 221004_1255.mp3;
    e.  Interview of Michael Ibarra 04.28.2021 - 210428_1249.mp3;
    f.  Interview of Robert Rella 01.27.2022 - 210727_1707.mp3;
    g.  Interview of Selwyn Rosenstein 06.30.2022(1) - 220630_0023.mp3;
    h.  Interview of Selwyn Rosenstein 06.30.2022(2) - 220630_0431.mp3;

4

      i.  Interview of Thomas Moore (Tennessee) 10.22.2020.mp3;
      j.  Interview of William Spearman 11.02.2022 (1) - 221011_1501.mp3;
     k.  Interview of William Spearman 11.02.2022 (2) - 221011_1808.mp3;
      l.  Interview of William Spearman 11.02.2022 (3) - 221011_1829.mp3; and
    m.  HRT – NONE;

Respectfully submitted,

JUAN ANTONIO GONZLAEZ
UNITED STATES ATTORNEY

By:    *s/Gregory Schiller*
       Gregory Schiller
       Assistant United States Attorney
       Florida Bar No.
       500 S. Australian Ave., Suite 400
       West Palm Beach, FL 33401
       Tel: (561) 209-1045
       Email: gregory.schiller@usdoj.gov

By:    *s/Kyle Reynolds*
       Kyle Reynolds
       Trial Attorney
       U.S. Dept. of Justice, Criminal Division
       Child Exploitation and Obscenity Section
       Court ID # A5502872
       1301 New York Avenue, NW
       Washington, DC 20005
       Phone: (202) 616-2842
       Email: kyle.reynolds@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

*s/Gregory Schiller*

Gregory Schiller
Assistant United States Attorney

## SERVICE LIST

United States v. William Michael Spearman
Case No. 22-CR-80173-2-AMC
United States District Court
Southern District of Florida

| Party | Counsel |
|---|---|
| Plaintiff:<br>UNITED STATES OF AMERICA | Gregory Schiller<br>Assistant United States Attorney<br>500 S. Australian Ave., Suite 400<br>West Palm Beach, FL 33401<br>Email: gregory.schiller@usdoj.gov<br>**via Notice of Electronic Filing generated by CM/ECF**<br><br>Kyle Reynolds<br>Trial Attorney<br>U.S. Dept. of Justice, Criminal Division<br>Child Exploitation and Obscenity Section<br>1301 New York Ave., NW<br>Washington, DC 20530<br>Email: kyle.reynolds@usdoj.gov<br>**via Notice of Electronic Filing generated by CM/ECF** |
| Defendant:<br>William Michael Spearman | Scott Berry<br>Assistant Federal Public Defender<br>250 South Australian Ave., Suite 400<br>West Palm Beach, FL 33401<br>Email: Scott_Berry@fd.org<br>**via Notice of Electronic Filing generated by CM/ECF** |