UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80173-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

WILLIAM SPEARMAN,

    Defendant.
    _____/

## MOTION TO SEVER

Comes now, the defendant, WILLIAM SPEARMAN, by and through undersigned counsel, pursuant to Fed. R. Crim. P. 14 and the doctrine of *Bruton v. United States*, 391 U.S. 123 (1968), and moves this Court for an order severing Mr. Spearman's trial from the trial for his codefendants. As grounds, he states:

1. In its second superseding indictment, the government has charged Mr. Spearman and three codefendants (Good, Garrell, and Boyles) with conspiracies to advertise and distribute child pornography, in violation of 18 U.S.C. § 2251(d) and (e) and 18 U.S.C. § 2252A(a)(2) and (b)(1), respectively. [DE 38]. In the same indictment, the government has also charged Mr. Spearman with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). [DE 38].

2. In summary, the government alleges Mr. Spearman ran a child pornography website, Website A, with the assistance of various "staff

members" and was known to those staff members and other site users by his usernames.

3. Through discovery, the government provided a recorded statement in which codefendant Good identifies one of those usernames as the individual running the website. At this time, the government has not provided any discovery relating to any statements made by Garrell or Boyles, but has acknowledged the existence of recorded statements from both of them.

4. To the extent the government intends to introduce Good's statements or similar statements from Garrell or Boyles, Mr. Spearman objects because: (1) as they relate to Mr. Spearman, these statements are inadmissible hearsay and (2) introduction of these statements against Mr. Spearman would violate his constitutional rights under the Confrontation Clause. *Bruton v. United States*, 391 U.S. 123 (1968)(finding a defendant is deprived of his Confrontation Clause rights when his non-testifying codefendant's out-of-court statement inculpating him is introduced at their joint trial, even if the jury is instructed to consider that confession only against the co-defendant); *United States v Turner*, 474 F.3d 1265 (11th Cir. 2007); *United States v. Doherty*, 233 F.3d 1275 (11th Cir. 2000).

5. Accordingly, to the extent the government intends to introduce the statements of a non-testifying codefendant that inculpate him at his trial, Mr. Spearman moves this Court for an order severing his trial from those codefendants.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 88.9

In good faith, counsel has discussed this matter with Assistant United States Attorney Greg Schiller and certifies the parties are unable to resolve the issues raised in this motion.

    Respectfully submitted,

    MICHAEL CARUSO
    FEDERAL PUBLIC DEFENDER

    s/ *Scott Berry*
    Scott Berry
    Assistant Federal Public Defender
    Attorney for the Defendant
    Florida Bar No. 0525561
    250 South Australian Avenue, Suite 400
    West Palm Beach, Florida 33401
    (561) 833-6288 - Telephone
    Scott_Berry@FD.org

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on April 12, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        By: *s/Scott Berry*
                                              Scott Berry