UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY MALCOLM GOOD,<br>WILLIAM MICHAEL SPEARMAN,<br>MATTHEW BRANDEN GARRELL, and<br>ROBERT PRESTON BOYLES<br><br>Defendants. | Case No.:  9:22-CR-80173-AMC<br><br>**UNITED STATES' OMNIBUS<br>MOTION *IN LIMINE*** |

COMES NOW the United States, by and through the undersigned Assistant United States Attorney and Department of Justice Trial Attorneys, and hereby files the following motions *in limine* pursuant to the Court's Trial Order [ECF No. 57]: (1) a motion *in limine* and notice of its intent to introduce evidence of other child-molestation conduct as intrinsic evidence and pursuant to Federal Rules of Evidence 414 and 404(b); (2) a motion *in limine* on the admissibility of summaries of data pursuant to Federal Rule of Evidence 1006; (3) and a motion *in limine* to publish child pornography to the jury.

**FACTUAL BACKGROUND**

The defendants have been charged in a second superseding indictment based on their involvement with a darknet website referred to here as "Website A." Website A was dedicated to child pornography and the discussion of child sexual abuse. Users of Website A utilized unique usernames to engage in online communications with other users and share child pornography by posting web links within messages. These links redirected to other websites, such as file-hosting websites, where the linked-to child pornography files were available for download and/or viewing. Website A users conspired to make tens or hundreds of thousands of child pornography images and videos available in this manner. Website A had at least 100 registered members and was

operated and managed by a small subset of particularly established users. Guest users were promoted to membership or moderating positions based on their active involvement on the site, and in particular by sharing child pornography. Website A ceased operating in its current form in approximately November 2022.

Defendants GOOD, SPEARMAN, GARRELL, and BOYLES were all members of Website A. They also served in managerial roles on the site, including as moderators and high-ranking administrators. In these roles, the defendants provided guidance and advice to new users, reprimanded or muted users who did not follow the rules, and recruited others to serve in managerial roles. On numerous occasions, the defendants also shared links to child pornography with other users of the site. From at least around 2018 until approximately November 2022, while the defendants engaged in this conduct on Website A, a high-ranking, co-conspiring administrator of the site resided in Palm Beach County, Florida, within the Southern District of Florida, where he advertised and distributed child pornography and took acts to help manage Website A from his home along with the defendants. This administrator was charged in a separate indictment.

The defendants were arrested on the following dates and in the following locations:

| Defendant | Date of Arrest | Location of Arrest |
|---|---|---|
| Gregory Malcolm Good | October 4, 2022 | District of Nevada |
| William Michael Spearman | November 2, 2022 | Northern District of Alabama |
| Matthew Branden Garrell | February 2, 2023 | Eastern District of North Carolina |
| Robert Preston Boyles | February 7, 2023 | Middle District of Tennessee |

During these arrests, law enforcement determined that each of the defendants possessed in his residence multiple electronic devices that were used to engage in the above and related conduct, and which contained large quantities of child pornography. These devices were seized pursuant to federal search warrants.

Defendants GOOD, SPEARMAN, GARRELL, and BOYLES have been charged in the second superseding indictment with conspiracy to advertise child pornography and conspiracy to distribute child pornography. SPEARMAN is also charged with engaging in a child exploitation enterprise. [ECF No. 38]. The defendants[1] now proceed to trial.

**I.    MOTION *IN LIMINE* TO ADMIT EVIDENCE AS INTRINSIC EVIDENCE, PURSUANT TO RULE 404(B), AND PURSUANT TO RULE 414**

The United States seeks to introduce at trial evidence of uncharged conduct committed by GOOD, SPEARMAN, GARRELL, and BOYLES—namely, their possession of images and videos of child pornography found on devices seized from their homes. For the reasons explained below, the Court should find that this evidence is admissible as inextricably intertwined with the charged conduct, under Federal Rule of Evidence 414 ("Rule 414"), and/or under Federal Rule of Evidence 404(b) ("Rule 404(b)").[2]

The United States intends to introduce this evidence through Jon-Robert Marsh, a Data Scientist with the Federal Bureau of Investigation ("FBI").[3] The government anticipates that Mr. Marsh will testify regarding the results of the forensic examinations of the devices seized from the defendants, including but not limited to the following devices:

a. With respect to defendant GOOD:

   1. Q-HQ-002 – a 32 GB ONN USB thumb drive (S/N: 90000119142C5432);
   2. Q-HQ-003 – a Sandisk 32 GB USB thumb drive (S/N: 04020002120120013621);
   3. Q-HQ-005 – a Sandisk 64 GB USB thumb drive (S/N: 04017021092021090609); and
   4. Q-HQ-008 – an HP Pavilion desktop computer (S/N: 8CG008044Z) containing one Toshiba 1 TB hard disk drive ("HDD") (S/N: Y9G1KE7MSFWC);

---

[1] Mr. Good and Mr. Garrell have indicated their desire to plead guilty. Counsel for Mr. Boyles was appointed on April 6, 2023, and has not yet had an opportunity to speak with this client about this motion. Counsel for Spearman objects.

[2] This motion *in limine* is also submitted to satisfy the government's requirement to provide pre-trial notice of its intent to introduce evidence pursuant Rules 404(b) and 414. *See* Fed. R. Evid. 404(b)(3); Fed. R. Evid. 414(b).

[3] The government is separately providing notice of his expertise and a description of the anticipated testimony.

   b. With respect to defendant SPEARMAN:

      1. 1B32 – a Lenovo ThinkPad (S/N: PC0DTEGP);
      2. 1B34 – an HGST HDD (S/N: Y1GE9Y6L);
      3. 1B35 – a Getac S400 laptop (S/N: RC439S0359) containing one HDD;
      4. 1B41 – a Strantium thumb drive (S/N: AACM2W3BQC12UKXL);
      5. 1B42 – a Seagate external HDD (S/N: NABR6R52);
      6. 1B45 – a Seagate external HDD (S/N: NABR6R4T);
      7. 1B48 – a Toshiba Satellite Laptop (S/N: XC301289R) containing one optical disc and one solid state drive; and
      8. 1B49 – a PNY thumb drive (S/N: 097902B88050);

   c. With respect to defendant GARRELL:

      1. 1B51 – a Sandisk 64 GB USB thumb drive (S/N: BN2Q085Y012W); and
      2. 1B53 – a Sandisk 64 GB USB thumb drive (S/N: BN2203001114W);

   d. And with respect to defendant BOYLES:

      1. 1B56 – an HP Pavilion laptop (S/N: 8CG0191TQV); and
      2. 1B57 – a Sandisk Cruzer Glide 16 GB USB drive (S/N: 4C530000110413115272).

In addition to eliciting testimony as to how these devices were used to engage in the charged conduct, the United States seeks to introduce testimony from Mr. Marsh that these devices were simultaneously used to store child pornography—the possession of which has not been charged, but which should nevertheless be admitted as evidence for the reasons below.

   A.   **The Evidence is Admissible as Intrinsic Evidence**

Evidence of the defendants' uncharged possession of child pornography is admissible as intrinsic evidence of the charged conduct. Evidence of uncharged conduct is deemed admissible as intrinsic evidence—and thus outside the scope and prohibitions of Rules 404(b) and 414—when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (internal quotation marks omitted). Stated another way, evidence that

is not part of the crime charged but nevertheless pertains "to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or [if it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985).

Evidence of the defendants' possession of child pornography satisfies those requirements here. As an initial matter, the evidence overlaps temporally with the charged conduct. The child pornography that the defendants accumulated and possessed on digital devices in their homes was accessible to them up until their arrests, including when they used many of these same devices to access Website A. Further, the evidence set forth in the affidavits in support of the criminal complaints and elsewhere indicates that the defendants obtained at least some of this child pornography via their activity on Website A. *See United States v. Good*, 9:22-mj-08444, ECF No. 1 at ¶¶ 8-9 (S.D. Fla. Oct. 4, 2022); *United States v. Spearman*, 9:22-mj-08510, ECF No. 1 at ¶¶ 9-10 (S.D. Fla. Nov. 2, 2022); *United States v. Garrell*, 9:23-mj-08055, ECF No. 1 at ¶¶ 8-9 (S.D. Fla. Feb. 3, 2023); *United States v. Boyles*, 9:23-mj-08062, ECF No. 1 at ¶¶ 8-9 (S.D. Fla. Feb. 7, 2023). In other words, the defendants' possession of child pornography arose out of the same series of transactions as the charged offenses and is therefore "inextricably intertwined" with the facts of the case, as it "tend[s] to corroborate, explain, or provide necessary context for evidence regarding the charged offense[s]" of conspiring to advertise and distribute child pornography. *See Cowan v. United States*, No. 3:14-cv-370-J-32MCR, 2017 WL 1386804, at *12 (M.D. Fla. Apr. 18, 2017) (citing *United States v. Bush*, 673 F. App'x 947, 950 (11th Cir. 2016)).

The defendants' contemporaneous possession of child pornography is likewise necessary to explain the context, motive, and set-up of the crime, and should therefore be admitted as "an

5

integral and natural part of an account of the crime" and "necessary to complete the story of the crime for the jury." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (*citing United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985)). Proof of the defendants' prurient sexual interest in children, as evidenced by their collections of child pornography with sexually suggestive file titles, clearly forms an integral part of the story of this case. Indeed, any logical and coherent explanation of how the defendants successfully conspired to advertise and distribute child pornography over a darknet website necessarily requires an explanation of what child pornography they were distributing in the first place and why. This, in turn, requires the government to demonstrate that the defendants each collected and stored child pornography on devices in their home, which will further contextualize for the jury how the defendants were able to contribute to the operation of Website A and why they did so.

Simply put, defendants GOOD, SPEARMAN, GARRELL, and BOYLES each possessed child pornography in relation to and in furtherance of their conspiracy to advertise and distribute child pornography. Their possession of child pornography is therefore intrinsic to and inextricably intertwined with the charged offenses. Of course, such evidence must still satisfy the requirements of Federal Rule of Evidence 403 ("Rule 403") to be admissible. But, as explained below, this evidence does so, and it should therefore be admitted at trial.

**B.     The Evidence is Admissible Pursuant to Rule 414**

Assuming this Court determines that the defendants' possession of child pornography is not intrinsic to the charges, this evidence is independently admissible pursuant to Rule 414. Rule 414 provides that, "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation" to "be considered on any matter to which it is relevant," including the defendant's criminal propensity.

6

Fed. R. Evid. 414(a). Pursuant to Rule 414(d)(2)(B), "child molestation" includes "any conduct prohibited by 18 U.S.C. chapter 110." Here, the defendants have all been charged with violations of 18 U.S.C. §§ 2251 and 2252A, which fall within chapter 110. Additionally, the evidence the government seeks to introduce—the defendants' possession of child pornography, in violation of 18 U.S.C. § 2252A(A)(5)(B)—likewise qualifies as conduct prohibited by chapter 110 and therefore qualifies as an act of child molestation under Rule 414. The proffered evidence thus satisfies the requirements for admission under Rule 414.

The United States intends to offer evidence of the defendants' uncharged possession of child pornography—which occurred at the same time as the defendants conspired to advertise and distribute child pornography over Website A—under Rule 414 to show the defendants' prurient sexual interest in children, and to establish their identities as users of Website A and their motive, intent, plan, and lack of mistake or accident when engaging in the charged conduct. Under this Circuit's precedent, this child-molestation conduct is relevant and admissible under Rule 414 for such purposes. *See United States v. Baker*, 680 F. App'x 861, 863 (11th Cir. 2017) (affirming admission under Rule 414 of prior conviction for child molestation in a possession-of-child-pornography case); *United States v. Levinson*, 504 F. App'x 824, 827, 828 (11th Cir. 2013) (finding evidence that defendant engaged in child molestation properly admitted under Rule 414 to prove "a disposition of character that makes it more likely that he committed the [charged] act of child molestation"). Other circuits have likewise consistently confirmed Rule 414's broad principle of admissibility in child pornography cases. *See United States v. Majeroni*, 784 F.3d 72, 76 (1st Cir. 2015) (affirming admission of conviction for possessing child pornography given its similarity to current charge of possessing child pornography); *United States v. Lewis*, 318 F. App'x 1, at *1 (D.C. Cir. 2009) (affirming admission of uncharged possession of child pornography under

Rule 414 in prosecution for attempted coercion and enticement of a minor); *United States v. Norris*, 428 F.3d 907, 913-14 (9th Cir. 2005) (finding admissible under Rule 414 defendant's uncharged molestation of victim's sister).

To be sure, "[e]vidence admissible under Rule 414 must also meet the requirements of other provisions of the Federal Rules of Evidence, including Rule 403." *United States v. Carino*, 368 F. App'x 929, 930 (11th Cir. 2010). As explained below, however, the proffered evidence satisfies the requirements of Rule 403 and should be deemed admissible under Rule 414.

### C. The Evidence is Admissible Pursuant to Rule 404(b)

Finally, this evidence is also independently admissible under Rule 404(b). While evidence of other bad acts is generally not admissible to prove a defendant's criminal propensity, Rule 404(b) permits the admission of such evidence "for other purposes such as proof of motive, intent, plan, knowledge, identity, . . . or lack of mistake or accident." Fed. R. Evid. 404(b). For Rule 404(b) evidence to be admissible, it must be: "(1) be relevant to one of the enumerated issues other than the defendant's character, (2) be supported by sufficient evidence to allow a jury to determine that the defendant committed the act, and (3) not be unduly prejudicial under the standard set forth in Rule 403." *United States v. Griffin*, 783 F. App'x 881, 883-84 (11th Cir. 2019) (citing *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007)). The Court need not hold a Rule 104(a) evidentiary hearing before admitting evidence pursuant to Rule 404(b), however. Instead, it must only make a preliminary finding that the evidence is not being admitted solely to prove character and that a jury could reasonably conclude that "the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (stating that a preliminary finding by a preponderance of the evidence is not required); *see also United States v. Green*, 873 F.3d 846, 858 n.9 (11th Cir. 2017). At base, Rule 404(b) "is a rule of inclusion, and . . . accordingly 404(b)

8

evidence, like other relevant evidence, should not be excluded when it is central to the prosecution's case." *United States v. Eckhardt*, 466 F.3d 938, 946 (11th Cir. 2006) (quoting *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003)).

The bad-acts evidence here—the defendants' possession of child pornography at the same time as they engaged in the charged conduct—satisfies all three prongs identified above. With respect to the first prong, the evidence is being offered for a proper purpose: to show their individual motive, intent, identity, and purpose in conspiring to advertise and distribute child pornography on Website A. Put another way, this evidence tends to prove that it was the defendants, and not anyone else, who engaged in the charged conduct and that they did so with the requisite *mens rea*. For example, a defendant may agree that he committed the physical acts which form the basis for the charge but assert that he lacked the intent necessary to be found guilty. In such a case, evidence of other bad acts is admissible under Rule 404(b) to prove that he did, in fact, have the requisite intent and knowledge. *See, e.g.*, *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015) (citing Rule 404(b) and noting that "an uncharged offense is relevant to intent . . . if it requires the same intent as the charged offense") (internal quotation marks omitted)). Indeed, in this case, the defendants are likely to assert that: they did not intentionally engage in this conspiracy; they were not the individuals who operated their accounts on Website A; or some combination thereof. These claims are rebutted by the child pornography the government seeks to admit from their own devices, which tends to establish that the defendants have a sexual interest in minors and the intent to engage in the charged conduct. Because the proposed evidence here is being offered for a proper purpose—to show the defendants' motive, knowledge, intent, identity, and lack of mistake or accident—it should be deemed admissible at trial under Rule 404(b).

9

Moreover, as the Eleventh Circuit has explained, when a defendant pleads not guilty, as the defendants have here thus far, he places his motive and intent at issue. *See Edouard*, 485 F.3d at 1345 ("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." (quoting *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998)).[4] Absent the defendants' affirmative removal of motive, intent, and identity as issues in this case, the government should be permitted to introduce the above-noticed evidence to establish these facts without having to wait for the defendants to contest them. And although motive is generally not an element of an offense itself, evidence of motive is often relevant to show a defendant's state of mind and purpose for committing the crime charged. Accordingly, if motive can be proven by other bad acts, Rule 404(b) permits their admission into evidence. Fed. R. Evid. 404(b)(2) (permitting use of evidence to prove motive); *see also United States v. Cook*, 592 F.2d 877, 880 (5th Cir. 1979) (noting that "the trial court may properly permit the introduction of evidence as to other activities by the defendant which are relevant to motive"). Indeed, courts around the country have admitted similar bad-act evidence related to child pornography under Rule 404(b) in similar circumstances and for similar purposes. *See United States v. Griffin*, 783 F. App'x 881, 884 (11th Cir. 2019) (affirming admission of search history on a tablet to prove defendant used the device and knowingly

---

[4] *See also United States v. Walker*, 410 F.3d 754, 759 (5th Cir. 2005) (holding that the defendant "put his intent at issue by pleading not guilty"); *United States v. Juarez*, 561 F.2d 65, 73 (7th Cir. 1977) (noting that "intent in virtually all offenses is material, and is therefore a part of the case to be proved in chief; and . . . unless the precise defense be disclosed in advance, the prosecution may in fairness assume that [i]ntent may come into issue"); *United States v. Adcock*, 558 F.2d 397, 402 (8th Cir. 1977) (observing that because "intent was an essential element of . . . the crimes charged" and the government was "duty-bound in its case-in-chief to establish all of the essential elements of the crimes charged . . . [t]he government need not await the defendant's denial of intent before offering evidence of similar acts relevant to that issue").

10

possessed child pornography).[5] Given the temporal and substantive similarities between the proposed evidence and the charged conduct, this evidence plainly satisfies the first prong of the Rule 404(b) test. *See, e.g.*, *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015) (citing Rule 404(b) and noting that "an uncharged offense is relevant to intent . . . if it requires the same intent as the charged offense") (internal quotation marks omitted)).

With respect to the second prong—whether the bad acts are supported by sufficient evidence to allow a jury to determine that the defendants committed them—this, too, counsels in favor of admission. As noted above, this Court need not hold a Rule 104(a) evidentiary hearing prior to admitting evidence under Rule 404(b) at this stage. But, in any event, the affidavits in support of the criminal complaints here establish that the defendants either admitted they possessed this child pornography, acknowledged generally engaging in this conduct, or both. *See Good*, 9:22-mj-08444, ECF No. 1 at ¶¶ 8-9; *Spearman*, 9:22-mj-08510, ECF No. 1 at ¶¶ 9-10; *Garrell*, 9:23-mj-08055, ECF No. 1 at ¶¶ 8-9; *Boyles*, 9:23-mj-08062, ECF No. 1 at ¶¶ 8-9. At this stage, that evidence alone is sufficient to justify a finding that the defendants committed the uncharged bad acts. *See United States v. Chilcote*, 724 F.2d 1498, n.2 (11th Cir. 1984) ("Appellant's own statement, admitting that he committed the act, even if mere puffery, is sufficient to justify a jury finding that he committed the act."); *see also United States v. Hunter*, 758 F. App'x 817, 823 (11th Cir. 2018).

---

[5] *See also United States v. Alford*, 744 F. App'x 650, 654 (11th Cir. 2018) (affirming admission of defendant's possession of child erotica under Rule 404(b) given "the probative value of the evidence for proving intent or lack of mistake" in receipt-of-child-pornography case); *United States v. Levinson*, 504 F. App'x 824, 828 (11th Cir. 2013) (affirming admission of defendant's possession of real and virtual child pornography as evidence of defendant's purpose and intent in coercing a minor to engage in sexual activity); *United States v. Brumfield*, 686 F.3d 960, 963 (8th Cir. 2012) (finding evidence that defendant propositioned a minor to have sex with him and to film the act admissible pursuant to Rule 404(b) and "highly probative" of knowledge and intent at trial for defendant charged with possessing child pornography); *United States v. Nance*, 767 F.3d 1037, 1042 (10th Cir. 2014) (affirming admission of evidence under Rule 404(b) that defendant had viewed and deleted uncharged child pornography from his computer to show defendant's knowledge of his transportation of child pornography).

Finally, as explained below, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403. Accordingly, while no defendant is charged with possession of child pornography here, the child pornography [6] found on the defendants' devices should be admitted, at a minimum, as other bad acts under Rule 404(b). The defendants' collections of child pornography confirm their prurient interest in sexual activity with children, and are thus directly probative of the defendants' motive, intent, knowledge, identity, and lack of mistake in conspiring to advertise and distribute child pornography.

### D.   The Evidence is Admissible Under Rule 403

Regardless of whether this Court deems the evidence of the defendants' possession of child pornography admissible as intrinsic to the charges, under Rule 414, or under Rule 404(b), the Court must apply Rule 403's balancing test to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the party opposing its admission. *See United States v. Bush*, 673 F. App'x 947, 950 (11th Cir. 2016). It is important to point out, however, that Rule 403 is only meant to guard against *unfair* prejudice—that is, prejudice based on something other than the evidence's own persuasive weight. As the Supreme Court has explained, the term "unfair prejudice" refers to the "capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In other words, evidence should not be excluded merely because it might be graphic or disturbing. *United States v. Kapp*, 419 F.3d 666, 667 (7th Cir. 2005); *see also United States v. Morales-Aldahondo*, 524 F.3d 115, 119-20 (1st Cir. 2008) (finding in a child-pornography case that "the court is not required to scrub the trial clean of all evidence that may have an emotional impact, where the

---

[6] The government will select a limited number of images and videos to move into evidence and present to the jury.

12

evidence is part of the government's narrative."). For this reason, the Eleventh Circuit has cautioned that Rule 403

> is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility. We have also said that in reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial effect.

*United States v. Alfaro-Moncado*, 607 F.3d 720, 734 (11th Cir. 2010) (citation and quotations omitted).

Applying these principles here, evidence of the defendants' possession of child pornography plainly satisfies the requirements of Rule 403. As an initial matter, the evidence is highly probative of the defendants' intentional involvement with their advertisement of child pornography on Website A. *See, e.g.*, *United States v. Cooper*, 433 F. App'x 875, 877 (11th Cir. 2011) (finding, under Rule 403, evidence of defendant's prior convictions for child molestation "highly probative because it tended to show that the [sic] Cooper intentionally downloaded child pornography, that he knew the images were child pornography, and that he had not mistaken them for anything other than that"); *see also United States v. Mercer*, 653 F. App'x 622, 630 (10th Cir. 2016) ("In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant—a sexual or sado-sexual interest in children—that simply does not exist in ordinary people." (quoting 140 Cong. Rec. H8991-92 (1994))). The evidence also relates to conduct that the defendants engaged in at the same time as the charged conduct, and therefore tends to further underscore that it was the defendants—and not anyone else—who operated their accounts on Website A.

Further, the uncharged conduct is less prejudicial than the charged conduct, which goes far beyond the mere possession of child pornography and includes active participation among a

community of offenders to encourage the proliferation of this material. And to the extent it is prejudicial, it is not unfairly so. Instead, it is prejudicial for the same reason it is probative: it tends to prove that the defendants have a sexual attraction to children and are guilty of the charged conduct. If the Court is concerned with unfair prejudice, however, such prejudice can be cured through a limiting instruction to the jury that specifies how this evidence may be considered. *See United States v. Brown*, 665 F. 3d 1239, 1248 (11th Cir. 2011). Accordingly, the government respectfully requests that this Court deem evidence of the defendants' uncharged possession of child pornography admissible as intrinsic evidence, under Rule 414, and/or under Rule 404(b).

## II.     MOTION *IN LIMINE* RE: ADMISSIBILITY OF SUMMARIES OF DATA PURSUANT TO FEDERAL RULE OF EVIDENCE 1006

The United States of America also moves, *in limine*, to admit into evidence witness testimony and exhibits summarizing digital device and other computer records. The summaries, which will compile and streamline the contents of a substantial amount of digital evidence related to Website A and the defendants' devices that the government intends to introduce at trial, do not consist of argument and are admissible. *See United States v. Sanchez*, 586 F.3d 918, 929 (11th Cir. 2009); *United States v. Feliciano*, 300 Fed. App'x 795, 800 (11th Cir. Nov. 25, 2008). The summary exhibits will allow the witness to talk through these records in a more clear and precise manner.

In their entirety, the records are difficult to follow in that they are extremely voluminous. By combining them into summary exhibits, the jury will not be forced to go back and forth between multiple documents from multiple devices, possibly hundreds or thousands of times. Federal Rule of Evidence 1006 provides the following: "The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Fed. R. Evid. 1006.

The government anticipates that introduction of this evidence pursuant to the above-cited cases and Rule 1006 will expedite the trial and assist the jury in following along with the evidence. Specifically, rather than having the government show the jury thousands of images and videos of child pornography and web-based chat or communication, along with the data associated with those files, the government will simply publish the same information to the jury by showing the jury the information contained and summarized in the exhibits.

### III.     MOTION *IN LIMINE* TO PUBLISH CHILD PORNOGRAPHY TO THE JURY

Last, the United States moves, *in limine*, for permission to publish images and videos of child pornography that were advertised and distributed over Website A and recovered from the defendants' devices to the jury during its presentation of evidence.

The defendants may object to such a presentation being unfairly prejudicial. Just as in determining the admissibility of all evidence, this Court must apply Rule 403's balancing test to determine whether the probative value of the publication of this material is substantially outweighed by the danger of unfair prejudice to the party opposing its admission. Fed. R. Evid. 403; *see also Huddleston*, 485 U.S. at 688. As noted above, however, evidence should not be excluded merely because it might be graphic or disturbing. *Kapp*, 419 F.3d at 667. And here, there is nothing unfair or unduly prejudicial about publishing to the jury the child pornography that relates to the very acts for which the jury will be asked to hold the defendants accountable. While jurors may be repulsed by child pornography, they should be allowed to see the materials upon which the charges are based. The second superseding indictment charges conspiracy to advertise and distribute child pornography and does not specify, nor does it need to, the precise images or videos the government will present to the jury to prove this charge. Moreover, the child exploitation enterprise count as to SPEARMAN requires proof of elements that necessitate the

15

distinction of victims. Thus, the government intends to select images and portions of several videos to publish to the jury. Where a defendant is "being prosecuted for exactly what [the evidence] depicts," a court should steadfastly reject Rule 403 challenges. *See United States v. Hanna*, 630 F.3d 505, 512 (7th Cir. 2010) (citations omitted). This is precisely the case before this Court.

Appellate courts, including the Eleventh Circuit, have repeatedly and nearly uniformly ruled that the publication of child pornography is not unduly prejudicial, notwithstanding a defendant's offer to stipulate to their content. *See United States v. Bilus*, 626 F. App'x 856, 869 (11th Cir. 2015) (holding that publication of 11 images and two 5-second video clips did not cause unfair prejudice).[7] Nevertheless, the defendants may claim that the videos and images are "inflammatory," implying that upon seeing the child pornography, the jury would automatically convict them regardless of whether the rest of the evidence proves that they committed the crimes. Such an argument might have *some* minimal sway if the evidence at issue was somehow collateral to the charged offenses, but it makes no sense here. In this case, *the videos and images are the crimes*. If the jury accepted a defense theory that someone else advertised, distributed, and possessed the child pornography at issue, it makes no sense to conclude that the jury would nevertheless determine that the defendants are bad people deserving of punishment through a guilty verdict. This argument would be based on flawed logic and should be rejected by this Court.

---

[7] *See also United States v. Cray*, 450 F. App'x 923, 934-35 (11th Cir. 2012) (affirming conviction where jury was shown, over defendant's objection, child pornography); *United States v. Ballard*, 448 F. App'x 987, 988-89 (11th Cir. 2011) (affirming conviction where jury was shown, over defendant's objection, 15 images and three videos of child pornography, despite defendant's stipulation that all admitted evidence constituted child pornography); *United States v. Dodds*, 347 F.3d 893, 897-99 (11th Cir. 2003) (affirming conviction in which jury was shown, over defendant's objection that the evidence was cumulative and unduly prejudicial, 66 images of child pornography); *United States v. Mellies*, 329 F. App'x 592, 600-01 (6th Cir. 2009) (affirming admission of 1,600 images, out of 11,000 in defendant's collection despite defendant's admission that the images portrayed child pornography); *United States v. Sewell*, 457 F.3d 841, 844 (8th Cir. 2006) (holding that the district court "abused its discretion in refusing to allow the Government to publish a representative sample of the [child pornography] images").

Publishing a measured portion of the defendants' collections of child pornography not only conforms with Eleventh Circuit precedent, but it also ensures that each of the jurors is exposed to and considers all of the evidence. If the images and videos are merely sent back to the jury room on disks in envelopes without publishing them in court, there is a strong possibility that some or all of the jurors will opt not to look at the images and videos at all. Even if a lone juror takes seriously the Court's command to "consider all of the evidence," and wishes to view the evidence to fulfill their duty, negative peer pressure may prevent them from doing so. And if one juror looks at the videos and images during deliberation but the others do not, that juror will, in essence, be privy to evidence that the others have not seen. Publishing the evidence in court avoids all these problems by ensuring that every juror views a brief sample of the child pornography.

Seeing the evidence for themselves also enables the jurors to make a direct connection that cannot be duplicated or substituted by mere testimony or written stipulation, and the importance of which cannot be overstated. This connection to the evidence will eliminate the possibility of any jurors who might have a preconceived and incorrect understanding of what constitutes child pornography and will provide the United States the fair opportunity to carry its high burden of proof. As the Supreme Court remarked in *Old Chief*, "[a] syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it." 519 U.S. at 189. It is well established that the United States is entitled to prove its case free from a defendant's preference to stipulate the evidence away. *Id*.

The potential impact of the evidence on the jurors is properly addressed and minimized in jury selection by ensuring that the prospective jurors are aware of the nature of the charges and that they can be fair and impartial. This Court may advise the potential jurors (individually and in private) about the graphic nature of the visual materials and ask whether they can still be impartial

upon seeing them. The result is that, after the jurors are vetted and empaneled, there is a strong presumption that they are the kind of jurors that are not so overly sensitive to the content of the case that they cannot fairly consider the evidence. Rather, they have been selected precisely because they were the most likely to discharge their civic duty without bias or prejudice. This is the proper manner for the Court to deal with the contraband evidence: to forewarn the jurors during *voir dire* so that they are mentally prepared, thus not hobbling the prosecution by barring the United States from showing the jurors the best evidence of defendant's charged offenses. The Court may also properly give the jury a mid-trial cautionary instruction immediately prior to child pornography being published, as well as a similar instruction after the evidence has closed and before the jury begins its deliberations. *See United States v. Baker*, Case No. 3:13-cr-197, 2015 WL 7068145, at *3 (M.D. Fla. Nov. 13, 2015).

For these reasons, the United States respectfully requests that this Court permit the admission a limited set of child-pornography images and videos necessary to prove the charges in the second superseding indictment and allow publication of them to the jury.

//
//
//
//
//
//
//
//
//

## **CONCLUSION**

For the reasons above, the United States respectfully requests that the Court grant the government's (1) motion *in limine* and notice of its intent to introduce evidence of other child-molestation conduct as intrinsic evidence and pursuant to Rules 414 and 404(b); (2) motion *in limine* on the admissibility of summaries of data pursuant to Federal Rule of Evidence 1006; (3) and motion *in limine* to publish child pornography to the jury.

                                    Respectfully submitted,

                                    MARKENZY LAPOINTE
                                  UNITED STATES ATTORNEY

By:    *s/ Gregory Schiller*
        GREGORY SCHILLER
        Assistant United States Attorney
        Court Id No. A5501906
        U.S. Attorney's Office - SDFL
        500 S. Australian Ave., Suite 400
        West Palm Beach, Florida 33401
        Telephone: (561)209-1045
        E-mail: gregory.schiller@usdoj.gov

By: *s/Kyle Reynolds*
KYLE REYNOLDS
TRIAL ATTORNEY
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
Court ID # A5502872
1301 New York Avenue, NW
Washington, DC 20005
Phone: (202) 616-2842
Email: kyle.reynolds@usdoj.gov

By: *s/William Clayman*
WILLIAM G. CLAYMAN
TRIAL ATTORNEY
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
Court ID # A5502958
1301 New York Avenue, NW
Washington, DC 20005
Phone: (202) 514-0040
Email: william.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 12, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                          By: *s/William Clayman*
                                          William G. Clayman
                                          Trial Attorney