UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>GREGORY MALCOLM GOOD,<br>WILLIAM MICHAEL SPEARMAN,<br>MATTHEW BRANDEN GARRELL, and<br>ROBERT PRESTON BOYLES<br><br>                Defendants. | Case No.: 22-CR-80173-AMC<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SEVER** |

      The Defendant William Michael Spearman has moved the Court to sever him from this case and try him separately from his codefendants. [ECF No. 65 (the "Motion").] In support, he notes that the United States alleges that he used certain usernames on Website A, and a codefendant told the FBI that one of these usernames was the person who ran the website. He claims that admission of this statement or similar statements by other codefendants would run afoul of the rule announced in *Bruton v. United States*, 391 U.S. 123 (1968), and he seeks severance as a remedy.

      The Motion does not reproduce the allegedly offending statements themselves. It does not explain in detail why they supposedly violate *Bruton* or its progeny. And it does not grapple with binding case law holding that conspirators should normally be tried together unless a defendant can "carry the heavy burden of demonstrating that compelling prejudice would result from a joint trial." *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011) ("[T]he rule about joint trials is that defendants who are indicted together are usually tried together. That rule is even more pronounced in conspiracy cases where the refrain is that defendants charged with a common conspiracy should be tried together.") (quoting *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007) and *United States v. Beale*, 921 F.2d 1412, 1428 (11th Cir. 1991)) (cleaned up). Nor

does the Defendant carry his burden of establishing why severance—and not something less drastic, such as redaction—is the appropriate remedy. *See id*. (defendant must establish why a "remedy short of severance will not work"). And the Motion fails to analyze why statements that refer to the Defendant's *username* on Website A—a username that does not on its face identify the Defendant—could violate *Bruton*, which does not apply to any statement that is "not incriminating on its face, and [becomes] so only when linked with evidence introduced later at trial." *United States v. Joyner*, 899 F.3d 1199, 1207 (11th Cir. 2018) (quoting *United States v. Arias*, 984 F.2d 1139, 1142 (11th Cir. 1993)).

Nevertheless, even if the Motion had done any or all of these things, it should still be denied. There is one factor that independently compels denial of the Motion: the United States does not intend to introduce in its case-in-chief any testimonial statements from the Defendant's codefendants that refer to the Defendant's username on Website A. The Motion identifies no other information in the codefendants' statements to the FBI, other than the Defendant's username, that could identify or inculpate the Defendant. After all, he admits that "[n]one of those people [on Website A] had ever spoken with, personally met, or seen any individual associated with those usernames" that ran Website A. [ECF No. 74 at 2.]

There will thus be no *Bruton* issue at trial, and there is no basis for severance.

                                          Respectfully submitted,

                                          MARKENZY LAPOINTE
                                          UNITED STATES ATTORNEY

By:   *s/ Gregory Schiller*
        GREGORY SCHILLER
        Assistant United States Attorney
        Court Id No. A5501906
        U.S. Attorney's Office - SDFL
        500 S. Australian Ave., Suite 400

West Palm Beach, Florida 33401
Telephone: (561)209-1045
E-mail: gregory.schiller@usdoj.gov

By: *s/Kyle Reynolds*
KYLE P. REYNOLDS
TRIAL ATTORNEY
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
Court ID # A5502872
1301 New York Avenue, NW
Washington, DC 20005
Phone: (202) 616-2842
Email: kyle.reynolds@usdoj.gov

By: *s/William Clayman*
WILLIAM G. CLAYMAN
TRIAL ATTORNEY
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
Court ID # A5502958
1301 New York Avenue, NW
Washington, DC 20005
Phone: (202) 514-0040
Email: william.clayman@usdoj.gov

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on April 16, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                By: *s/ Kyle Reynolds*
                Kyle P. Reynolds
                Trial Attorney