UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   22-80173-CR-CANNON

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

WILLIAM SPEARMAN,

     Defendant.

_____:

### DEFENDANT'S RESPONSE TO GOVERNMENT'S OMNIBUS MOTION IN LIMINE (DE 66)

Mr. Spearman objects to the government's request to admit evidence of uncharged conduct – specifically the possession of child pornography unrelated to Website A – because such evidence violates Fed. R. Evid. 403.[1]

As a preliminary matter, Mr. Spearman submits the evidence of uncharged conduct is not "intrinsic" to the charged offenses. To the extent the government seeks admission of images found on his devices *related* to Website A, he has no objection.[2] However, *unrelated* images – those found on his devices, but otherwise unconnected to the use and operation of Website A – are not intrinsic to the charged conduct.

---

[1] The government also seeks permission to use data summaries pursuant to Fed. R. Evid. 1006 and to publish child pornography to the jury. Mr. Spearman agrees the government may use data summaries and publish child pornography, but reserves the right to object to the specific summaries and images the government intends to present until he has actually seen those exhibits. Without knowing their content, he cannot determine whether the exhibits otherwise comport with the rules of evidence.
[2] He maintains these images are inadmissible under the arguments raised in his motion to suppress (filed under seal).

1

Without establishing any connection to Website A, those images did not arise "out of the same transaction or series of transactions" as the charged offense," nor are they necessary to tell the story of the crime. In other words, there is no reason the government can't tell the jury Mr. Spearman used and operated Website A without referencing images they found that have nothing to do with Website A. These unrelated images are no more "integral" to the "account of the crime" than other unrelated information found on his devices, like his tax documents or photographs of his family. Such evidence is not "inextricably intertwined" with the charged offense.

Even assuming the evidence is inextricably intertwined, or otherwise admissible under Fed. R. Evid. 414 or 404(b), this Court must exclude uncharged conduct evidence if its admission would create a danger of "unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" that substantially outweighs its probative value. Fed. R. Evid. 403; *United States v. Jones*, 28 F.3d 1574, 1579-80 (11th Cir. 1994), *modified on other grounds*, 74 F.3d 275 (11th Cir. 1996)(explaining the three-part test for admissibility under 404(b) includes the balancing test outlined under Rule 403); *United States v. Woods*, 684 F.3d 1045,1064-65 (11th Cir. 2012)(applying the balancing test under Rule 403 where the district court admitted evidence under Rule 414(a)). Because the government's proffered evidence here fails that test, this Court should exclude it.

At the outset, this Court should be mindful of the "significant potential for prejudicial effect," uncharged bad act evidence can have and only admit it if it finds

the evidence is "really necessary." *Jones*, 28 F.3d at 1581. Indeed, where the government's case is strong, "the prejudice to the defendant will more likely outweigh the marginal probative value." *Id.* In short, "if the government can do without [it], fairness dictates that it should." *Id.*

Here, the government has accused Mr. Spearman of conspiring with others to use and operate a specific child pornography website. At trial, the government will present evidence of a years-long investigation into that website that includes its identification of the usernames for individuals they believe ran the site, connecting those usernames to Mr. Spearman through his IP address, executing a search warrant on his home during which they collected his electronic devices and obtained an incriminating statement from him, and forensic examination of the collected devices resulting in additional evidence that he ran Website A.

For the government, that evidence is apparently not enough. Now, it seeks to admit evidence of additional uncharged conduct relating to the possession of child pornography found on his devices, but not found on Website A. In light of the already admissible evidence relating to the *charged* conduct, this additional evidence is completely unnecessary, cumulative, and of limited probative value. Simply stated, the government does not need additional evidence and it would be unfair for this Court to allow them to use it.

Moreover, this propensity evidence also creates a substantial risk of unfair prejudice because of its explicit nature and its volume. This type of inflammatory evidence is precisely the kind of evidence that could lead a jury to convict Mr.

Spearman simply because they think he is a bad person rather than because the government has actually proven its case beyond a reasonable doubt. This Court should not condone the introduction of extrinsic evidence likely to incite the jury to an irrational decision. *United States v. Williams*, 816 F.2d 1527, 1532 (11th Cir. 1987). If the extrinsic evidence is so heinous it is "likely to sway the jury irrevocably to a decision of guilty," this Court must exclude it. *Id.*

WHEREFORE, the Defendant, William Spearman, requests this Court deny the government's motion to admit evidence of uncharged conduct against him at trial.

Respectfully submitted,

MICHAEL CARUSO
Federal Public Defender

s/ Scott Berry
Scott Berry
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar No. 0525561
250 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
(561) 833-6288 - Telephone
Scott_Berry@fd.org

5

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_s/ Scott Berry_
Scott Berry