**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-CR-80173-CANNON-2

UNITED STATES OF AMERICA

-vs-

WILLIAM MICHAEL SPEARMAN

     Defendant.

_____/

<u>COURT'S INSTRUCTIONS</u>
<u>TO THE JURY</u>

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**B2.1 / B2.2**
**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. [A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.] The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

*In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also *Harvell v. Nagle*, 58 F.3d 1541, 1542 (11th Cir. 1995), *reh'g denied*, 70 F.3d 1287 (11th Cir. 1995).

*United States v. Teague*, 953 F.2d 1525, 1539 (11th Cir. 1992), *cert. denied*, 506 U.S. 842, 113 S. Ct. 127, 121 L. Ed. 2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; *see also United States v. Veltman*, 6 F.3d 1483, 1493 (11th Cir. 1993) (Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial… Although the court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrock.")

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## <u>ANNOTATIONS AND COMMENTS</u>

*United States v. Daniels*, 986 F.2d 451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), *cert. denied*, 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; *see also United States v. Morris*, 647 F.2d 568 (5th Cir. 1981); *Victor v. Nebraska*, 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

**B4**
## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## ANNOTATIONS AND COMMENTS

*United States v. Clark*, 506 F.2d 416 (5th Cir. 1975), *cert. denied*, 421 U.S. 967, 95 S. Ct. 1957, 44 L. Ed. 2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; *see also United States v. Barnette*, 800 F.2d 1558, 1566 (11th Cir. 1986), *reh'g denied*, 807 F.2d 999 (11th Cir. 1986), *cert. denied*, 480 U.S. 935, 107 S. Ct. 1578, 94 L. Ed. 2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982)).

*United States v. Hope*, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing *United States v. Buchanan*, 585 F.2d 100, 102 (5th Cir. 1978)). *See also United States v. Jenkins*, 901 F.2d 1075 (11th Cir. 1990).

*United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing *United States v. Phillips*, 664 F.2d 971, 1031 (5th Cir. 1981)); *see also United States v. Siegel*, 587 F.2d 721, 727 (5th Cir. 1979).

For an alternative description of evidence, see Preliminary Instruction, "what is evidence."

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**B6.3**
**Impeachment of Witnesses Because of Inconsistent Statements**
**(Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**S4.1**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, the Defendant had a motive or the opportunity to commit the acts charged in the indictment, the Defendant acted according to a plan or in preparation to commit a crime, or the Defendant committed the acts charged in the indictment by accident or mistake.

## ANNOTATIONS AND COMMENTS

Rule 404. [Fed. R. Evid.]  Character Evidence; Crimes or Other Acts

* * * * *

(b) Crimes, Wrongs, or Other Acts.

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example.  *See id*. at 911 n.15.

Both the Supreme Court and the Eleventh Circuit have expressly endorsed the *Beechum* test. *Huddleston v. United States*, 485 U.S. 681 (1988); *United States v. Miller*, 959 F.2d 1535 (11th Cir. 1992) (en banc), *cert. denied*, 506 U.S. 942 (1992).

**B7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## ANNOTATIONS AND COMMENTS

*United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S. Ct. 1214, 59 L. Ed. 2d 454 (1979).

**S2.1**
**Statement of a Single Defendant**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

## ANNOTATIONS AND COMMENTS

*See United States v. Clemons*, 32 F.3d 1504, 1510 (11th Cir. 1994), *cert. denied*, 115 S. Ct. 1801, 131 L. Ed. 2d 728 (1995).

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**B8**
**Introduction to Offense Instructions**

The indictment charges three (3) separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count one charges that the Defendant knowingly and willfully conspired to advertise child pornography.

Count two charges that the Defendant knowingly and willfully conspired to distribute child pornography.

But first note that the Defendants are not charged in Counts 1 and 2 with committing a substantive offense – they are charged with <u>conspiring</u> to commit that offense. I will later give you specific instructions on conspiracy.

Finally, count three charges that the Defendant knowingly and willfully engaged in a child exploitation enterprise.

I will explain the law governing those offenses now.

**O82.1**

**Conspiracy to Advertise Child Pornography**

**18 U.S.C. § 2251(d) and (e)**

It's a Federal crime for any person to make, print, or publish, or cause to be made, printed, or published, any notice or advertisement seeking or offering to produce, display, distribute, exchange, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, if such person knows or has reason to know such notice or advertisement will be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed or such notice or advertisement is transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed.

The Defendant can be found guilty of conspiracy to commit this crime only if all the following facts are proved beyond a reasonable doubt:

1. two or more persons in some way agreed to try to accomplish a shared and unlawful plan; and

2. the Defendant knew the unlawful purpose of the plan and willfully joined in it.

And that the unlawful purpose of the plan was to commit the offense of advertising

child pornography in violation of Title 18, United States Code, Section 2251(d) and

(e), such that:

1. a person knowingly made, printed, or published, or caused to be made, printed, or published, a notice or advertisement seeking or offering;

2. to produce, display, distribute, exchange, or reproduce any visual depiction involving the use of a minor engaged in sexually explicit conduct, and the visual depiction is of such conduct; and

3. the person knew or had reason to know that the notice or advertisement would be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer or mailed; or

4. such notice or advertisement was transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer or mailed.

The "notice or advertisement" must be directed to more than one person.[1]

The term "minor" means any person who is less than 18 years old.

The term "interstate or foreign commerce" means the movement of a person

or property from one state to another state or from one state to another country.  The

term "State" includes a State of the United States, the District of Columbia, and any

---

[1] This sentence is not included in the Eleventh Circuit's Pattern Jury Instructions but is added here pursuant to *United States v. Caniff*, 955 F.3d 1183, 1187-93 (11th Cir. 2020).

commonwealth, territory, or possession of the United States.  It is not necessary for the Government to prove the Defendant knew the notice or advertisement had moved in interstate or foreign commerce.

The internet is an instrumentality and facility of interstate commerce.

The term "visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by any other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

> (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> (b) bestiality;
>
> (c) masturbation;
>
> (d) sadistic or masochistic abuse; or
>
> (e) lascivious exhibition of the genitals or pubic area of any person.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data-processing device performing logical, arithmetic, or storage functions, and includes any data-storage facility or communications facility directly related to or operating in conjunction with that device; but the term does not include an automated typewriter or typesetter, a portable hand-held calculator, or similar

devices that are limited in function to only word-processing or mathematical calculations.

## ANNOTATIONS AND COMMENTS

Definition of the relevant terms is taken from 18 U.S.C. § 2256.

"A defendant who allegedly took no directorial, editorial, or managerial role when he filmed minors engaged in explicit sexual conduct, or did not intend that the photographs be disseminated commercially, nonetheless "produces" child pornography, within the meaning of the statute prohibiting production of child pornography because Congress' intention was to enact a broad definition of "producing" that encompassed the various means by which an individual might actively participate in the creation and distribution of child pornography." *United States v. Fadl*, 498 F.3d 862, 867 (8th Cir. 2007).

In *United States v. Grovo*, 826 F.3d 1207, 1217 (9th Cir. 2016), the court rejected the defendants' argument an advertisement for child pornography must be published in the press or broadcast over the air, or be otherwise publicly and generally known.  "The means of publication or broadcast are not the definitive features of an 'advertisement,' so long as the advertisement calls attention to its subject or makes a particular thing known.  We therefore hold that an advertisement need not necessarily be published in the press or broadcast over the air." *Id.* at 1217–18.  The court held "advertising to a particular subset of the public is sufficient to sustain a conviction under the statute." *Id.* at 1218.  *See also United States v. Franklin*, 785 F.3d 1365, 1369 (10th Cir. 2015) (even if "advertisement" in section 2251(d) has a "public" component, that component may be construed to encompass a "subset of the public," such as "an informal group of like-minded individuals").

Neither knowledge of the age of the minor nor knowledge of the interstate nexus is a required element of the crime. *United States v. Deverso*, 518 F.3d 1250, 1257 (11th Cir. 2008) (the trial court did not err in declining to give a "mistake of age defense" jury instruction).

In *United States v. Smith*, 459 F.3d 1276, 1296 n.17 (11th Cir 2006), the Circuit noted that district court instructed the jury that answering the question whether conduct was "lascivious exhibition" involved consideration of "whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive, for

example in a location or in a pose associated with sexual activity… and whether the depiction has been designed to elicit a sexual response in the viewer."

The Eleventh Circuit quoted the dictionary definition of "lascivious" as "exciting sexual desires; salacious." *United States v. Williams*, 444 F.3d 1286, 1299 (11th Cir. 2006), *rev'd on other grounds*, 553 U.S. 285, 128 S. Ct. 1830 (2008). The court also noted: "What exactly constitutes a forbidden "lascivious exhibition of the genitals or pubic area" and how that differs from an innocuous photograph of a naked child (e.g., a family photograph of a child taking a bath, or an artistic masterpiece portraying a naked child model) is not concrete… While the pictures needn't always be "dirty" or even nude depictions to qualify, screening materials through the eyes of a neutral fact finder limits the potential universe of objectionable images." *Id.* The court further noted that most lower courts have embraced the six-factor "lascivious exhibition" test articulated in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986):

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> (4) whether the child is fully or partially clothed, or nude;
>
> (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
>
> (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

The *Dost* court also observed that "a visual depiction need not involve all of these factors to be a 'lascivious exhibition of the genitals or pubic area.' The determination will have to be made based on the overall content of the visual depiction, taking into account the age of the minor." *Id.*

The Eleventh Circuit has held that producing a visual depiction need only be a purpose of the sexually explicit conduct; it need not be the sole or dominant

purpose. *United States v. Miller*, 819 F.3d 1314 (11th Cir. 2016); *United States v. Lebowitz*, 676 F.3d 1000 (11th Cir. 2012).

<u>In United States v. Caniff, the Eleventh Circuit held that a notice or advertisement under 18 U.S.C. § 2251(d)(1) cannot be based on a one-to-one communication.  955 F.3d 1183 (11th Cir. 2020).</u>

**O83.4A**
**Conspiracy to Distribute Child Pornography**
**18 U.S.C. § 2252A(a)(2) and (5)(B)**

It's a Federal crime to knowingly and willfully distribute any child pornography that has been transported, shipped, or mailed in interstate or foreign commerce including by computer.

The Defendant can be found guilty of conspiracy to commit this crime only if all the following facts are proved beyond a reasonable doubt:

1. two or more persons in some way agreed to try to accomplish a shared and unlawful plan; and

2. the Defendant knew the unlawful purpose of the plan and willfully joined in it.

And that the unlawful purpose of the plan was to commit the offense of distributing child pornography in violation of Title 18, United States Code, Section 2252A(a)(2) and (5)(B), such that

(1) a person knowingly distributed an item or items of child pornography;

(2) the defendant distributed the item or items of child pornography using any means or facility of interstate or foreign commerce, or the item[s] of child pornography had been transported, shipped, or mailed in interstate or foreign commerce including by computer; and

(3) when the person distributed the items, the person believed the items were or contained child pornography.

25

To "distribute" something means to deliver or transfer possession of it to someone else, with or without any money involved in the transaction.

The term "interstate or foreign commerce" is the movement of property between different states or between the United States and any place outside the United States.

The internet is an instrumentality and facility of interstate commerce.

The term "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It doesn't matter whether the Defendant knew the child pornography had moved in interstate or foreign commerce. The Government only has to prove that the child pornography actually did move in interstate or foreign commerce.

The term "computer" includes any high-speed data-processing device that can perform logical, arithmetic, or storage functions, including any data storage facility or communications facility that is directly related to or operates in conjunction with the device. It doesn't include an automated typewriter or typesetter, portable hand-held calculator, or similar devices that are solely capable of word-processing or arithmetic calculations.

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, made or produced by electronic, mechanical, or other means, of sexually

explicit conduct where the visual depiction's production involves using a minor engaging in sexually explicit conduct or the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

"Minor" is any person under 18 years old.

An "identifiable minor" is a person who was a minor when the visual depiction was created, adapted, or modified or whose image as a minor was used in creating, adapting, or modifying the visual depiction and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature. The Government does not have to prove the actual identity of the identifiable minor.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer media or by other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

- bestiality;

- masturbation;

- sadistic or masochistic abuse; or

27

- lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

- the overall content of the material;

- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

- whether the minor is partially clothed or nude;

- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

A visual depiction need not have all these factors to be a lascivious exhibition.

## ANNOTATIONS AND COMMENTS

For cases where the alleged pornography consists of a digital or computer image that appears indistinguishable from an actual minor but may not be an actual person, see instruction 83.4B.

Definition of the relevant terms is taken from 18 U.S.C. § 2256. The key term "child pornography" is limited to the definitions given in 18 U.S.C. § 2256(8)(A) and (C). Subsection (B) was modified (and Subsection (D) was repealed) after the Supreme Court found the term to be "overbroad and unconstitutional" in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S. Ct. 1389 (2002). The modified Subsection (B) provides that "child pornography" includes a digital or computer-generated image that is "indistinguishable" from that of a minor engaging in sexually explicit conduct, and "sexually explicit conduct" for purposes of Subsection (B) is defined by modifying the general "sexually explicit conduct" definition to require that the sexually explicit conduct be "graphic." 18 U.S.C. § 2256(2)(B), (8)(B). Thus, Congress sought to address the Supreme Court's concern in *Free Speech Coalition* that former Subsection (B) prohibited speech that was not obscene, recorded no crime and created no victims through its production. *See United States v. Williams*, 444 F.3d 1286, 1295-96 (11th Cir. 2006), *rev'd on other grounds*, 553 U.S. 285, 128 S. Ct. 1830 (2008).

*United States v. X-Citement Video, Inc.*, 513 U.S. 64, 111 S. Ct. 464 (1992) held that 18 U.S.C. § 2252(a)(1) and (2) requires proof of scienter as to the age of the performer. While the structure of § 2252A(a)(1) and (2) is different (using "child pornography" instead of "visual depiction involving the use of a minor"), § 2252A (a)(1) and (2) also contains as an element scienter the age of the performer. *See United States v. Acheson*, 195 F.3d 645, 653 (11th Cir. 1999), *overruled on other grounds by Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S. Ct. 1389 (2002) (the government must show not only that the individual received or distributed the material, but that he did so believing that the material was sexually explicit in nature and that it depicted a person who appeared to him to be, or that he anticipated would be, under 18 years of age).

Knowledge of the interstate nexus is not a required element of the crime. *United States v. Smith*, 459 F.3d 1276, 1289 (11th Cir. 2006).

In *United States v. Smith*, 459 F.3d 1276, 1296 n.17 (11th Cir. 2006), the Eleventh Circuit noted that the district court instructed the jury that answering the question

whether conduct was "lascivious exhibition" involved consideration of "whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive, for example in a location or in a pose associated with sexual activity… and whether the depiction has been designed to elicit a sexual response in the viewer."

The Eleventh Circuit quoted the dictionary definition of "lascivious" as "exciting sexual desires; salacious." *United States v. Williams*, 444 F.3d 1286, 1299 (11th Cir. 2006), *rev'd on other grounds*, 553 U.S. 285, 128 S. Ct. 1830 (2008). The court also noted: "What exactly constitutes a forbidden "lascivious exhibition of the genitals or pubic area" and how that differs from an innocuous photograph of a naked child (e.g. a family photograph of a child taking a bath, or an artistic masterpiece portraying a naked child model) is not concrete… While the pictures needn't always be "dirty" or even nude depictions to qualify, screening materials through the eyes of a neutral factfinder limits the potential universe of objectionable images." *Id*. The court further noted that most lower courts have embraced the six-factor "lascivious exhibition" test articulated in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986):

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

> (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

> (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

> (4) whether the child is fully or partially clothed, or nude;

> (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

> (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

The *Dost* court also observed that "a visual depiction need not involve all of these factors to be a 'lascivious exhibition of the genitals or pubic area." The determination

will have to be made based on the overall content of the visual depiction, taking into account the age of the minor.'" *Id*.

## O13.1
## Conspiracy

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

~~The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:~~

~~(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;~~

~~(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;~~

~~(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and~~

~~(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.~~

~~An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy[2]~~

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

---

[2] The parties agree to strike this language.

## **ANNOTATIONS AND COMMENTS**

18 U.S.C. § 371 provides:

> If two or more persons conspire… to commit any offense against the United States… and one or more of such persons do any act to effect the object of the conspiracy, each [shall be guilty of an offense against the United States].

*See United States v. Horton*, 646 F.2d 181, 186 (5th Cir. 1981).

The Committee believes that the general definition of "willfully" in Basic Instruction 9.1A would usually apply to this crime.

The general conspiracy statute, 18 U.S.C. § 371, expressly makes an overt act an element of the offense. A conspiracy charged under other conspiracy statutes may not include an overt act as an element. *See, e.g.*, 18 U.S.C. §§ 286, 1349, 1956(h), 1962(d); and 21 U.S.C. §§ 846, 963. To the extent that district courts are relying on this instruction as guidance for drafting an instruction for a different conspiracy offense, the Committee cautions that the United States Supreme Court has held in several circumstances that proof of an overt act is not required when a conspiracy statute does not expressly contain an overt act requirement. *See Whitfield v. United States*, 543 U.S. 209, 214 (2005) (finding no overt act requirement in 18 U.S.C. § 1956(h)); *Salinas v. United States,* 522 U.S. 52, 63 (1997) (same as to 18 U.S.C. § 1962(d)); *United States v. Shabani* 513 U.S. 10, 11 (1994) (same as to 21 U.S.C. § 846). Reference to instructions related to those statutes may provide useful guidance. *See* O74.5, O75.2, O100.

## Child Exploitation Enterprise[3]
## 18 U.S.C. § 2252A(g)

It's a Federal crime to engage in a child exploitation enterprise as charged in Count Three of the Indictment.

The Defendant can be found guilty of this crime only if following three elements are proved beyond a reasonable doubt:

One, the defendant advertised or distributed child pornography or conspired to advertise or distribute child pornography on three or more separate occasions between on or about March 2018 and November 2, 2022;

Two, the defendant committed those offenses in concert with three or more other persons;

Three, the offenses involved more than one minor victim.

As to element one:

It is a federal offense for any person to knowingly advertise child pornography. In determining whether the defendant committed that offense on three or more separate occasions, you must decide whether, with regard to each occasion, the government has proven each of the following elements beyond a reasonable doubt that:

---

[3] There is no instruction for this crime in the Eleventh Circuit's Pattern Jury Instructions.

One:  the defendant knowingly made, printed, or published, or caused to be made, printed, or published a notice or advertisement seeking or offering;

Two:  to produce, display, distribute, exchange, or reproduce any visual depiction involving the use of a minor engaged in sexually explicit conduct, and the visual depiction is of such conduct; and

Three: the defendant knew or had reason to know that such notice or advertisement would be transported using any means or facility of interstate or foreign commerce or in or affecting interstate commerce by any means, including by computer; or that such notice was actually transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

It is also a federal offense for any person to knowingly distribute child pornography. In determining whether the defendant committed that offense on three or more separate occasions, you must decide whether, with regard to each occasion, the government has proven each of the following elements beyond a reasonable doubt:

One: the Defendant knowingly distributed an item or items of child pornography;

Two: the item[s] of child pornography had been transported, shipped, or mailed in interstate or foreign commerce including by computer; and

Three: when the Defendant distributed the items, the Defendant believed the items were or contained child pornography.

In order for you to find that the first element of Engaging in a Child Exploitation Enterprise has been satisfied, you must unanimously agree that each of the elements of Advertisement of Child Pornography, Distributing Child Pornography, and/or Conspiracy to Advertise or to Distribute Child Pornography has been established beyond a reasonable doubt as to each of the three or more offenses.

As to element two:

To act "in concert with" another person means the same as to engage in a conspiracy with that person. In determining whether the defendant engaged in a conspiracy with three or more other persons to commit the offenses of Advertisement of Child Pornography and/or Distributing Child Pornography, you must decide whether the government has proven each of the following elements beyond a reasonable doubt:

One:  between on or about March 2018 and on or about November 2, 2022, three or more persons reached an agreement or came to an understanding to commit the crimes of Advertisement of Child Pornography and/or Distributing Child Pornography;

Two:  the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

Three:  at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement or understanding.

In determining whether the defendant committed the three or more offenses in concert with three or more other persons, and whether the offenses involved more than one victim, it is not necessary that each individual offense was committed in concert with three or more other persons, or that each offense involved more than one victim. The required totals of three or more other persons, and more than one victim, may be tallied by considering all of the offenses together.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of Engaging in a Child Exploitation Enterprise as charged in Count Three; otherwise you must find the defendant not guilty of the crime.

## LEGAL  COMMENTS

Although the phrase "in concert with" is not defined in 18 U.S.C. § 2252A(g), each appellate court to consider the issue has concluded that the phrase "in concert with" in 18 U.S.C. § 2252A(g) requires proof of an agreement that would also constitute a conspiracy. *See United States v. Wayerski*, 624 F.3d 1342, 1350-51 (11th Cir. 2010); *United States v. Daniels*, 653 F.3d 399, 412-413 (6th Cir. 2011) (citing *Wayerski*); *see also United States v. Grovo*, 826 F.3d 1207, 1214 (9th Cir. 2016), *cert. denied*, No. 16-7420, 2017 WL 670620 (U.S. Feb. 21, 2017), and *cert. denied*, No. 16-7420, 2017 WL 670620 (U.S. Feb. 21, 2017).

The Eleventh and Sixth Circuits in *Wayerski* and *Daniels*, respectively, each based its holding upon *Rutledge v. United States*, 517 U.S. 292, 300 (1996). In *Rutledge*, the Supreme Court examined 18 U.S.C. § 846, the similar continuing criminal enterprise ("CCE") statute, which, like 18 U.S.C. § 2252A(g), contains a requirement that the government prove criminal conduct to have been committed "in concert with" other persons. *Id.* at 300. The Supreme Court held that "because the plain meaning of the phrase 'in concert' signifies mutual agreement in a common plan or enterprise, . . . this element of the CCE offense requires proof of a conspiracy that would also violate § 846." *Id.* Further, it is not necessary that each individual predicate have been committed in concert with three or more other persons. Rather, "the required total of three other persons may be tallied by considering the predicate counts together." *Daniels*, 653 F.3d at 412.

In *United States v. McGarity*, the Eleventh Circuit held that a conspiracy to commit an offense under Chapter 110 of the United States Code may serve as a predicate for a Child Exploitation Enterprise charge.  669 F.3d 1218, 1250-51 (11th Cir. 2012), *abrogated on other grounds as recognized in United States v. Rothenberg*, 923 F.3d 1309 (11th Cir. 2019).

**B8.1**

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

## ANNOTATIONS AND COMMENTS

"[I]t is well-established . . . that a disjunctive statute may be pleaded conjunctively and proved disjunctively." *United States v. Williams*, 790 F.3d 1240, 1245 n.2 (11th Cir. 2015) (quoting *United States v. Haymes*, 610 F.2d 309, 310 (5th Cir. 1980) (citing *United States v. Quiroz-Carrasco*, 565 F.2d 1328, 1331 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

In other words, "when a defendant is charged in an indictment conjunctively with alternative means or alternative mental states, any one of which will satisfy an element of the crime, the 'jury instruction may properly be framed in the disjunctive' without a constructive amendment taking place." *United States v. Mozie*, 752 F.3d 1271, 1284 (11th Cir. 2014) (quoting *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000)). "The rule applies not only to alternative acts that satisfy a statutory element, but also to alternative mental states that may satisfy an element." *Id.* (citing *Haymes*, 610 F.2d at 310–11).

"This is not only a permissible practice but also a common one." *Id.* (quoting *United States v. Howard*, 742 F.3d 1334, 1343 n.3 (11th Cir. 2014)) ("Prosecutors can and frequently do . . . charge alternative elements in the conjunctive and prove one or more of them in the disjunctive, which is constitutionally permissible."); *see also Simpson*, 228 F.3d at 1300.

**B9.1A**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

## **ANNOTATIONS AND COMMENTS**

The Definition of willfulness in this instruction can be used in most cases where willfulness is an element. For crimes requiring a particularized knowledge of the law being violated, such as tax and currency-structuring cases, use 9.1B's definition of willfulness.

The committee in its most recent revisions to the pattern instructions has changed the approach to how "willfully" should be charged in the substantive offenses which include it as an essential element of the offense. The previous editions of the pattern instructions included the following definition that historically has been used in most cases:

> The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

Although this definition has been useful as a general definition that encompasses many different aspects of the legal concept of "willfulness" in a concise and straightforward manner, the Committee has concluded, along with every other Circuit Pattern Instruction Committee that has considered the issue, that the definition is not accurate in every situation. A review of the case law reveals how the courts have struggled with the meaning of "willfulness" as a *mens rea* requirement for substantive criminal offenses. *See Bryan v. United States*, 524. U.S. 184, 189-92, 114 S. Ct. 1939, 1944-45 (1998) ("The word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on the context in which it appears." (citing *Spies v. United States*, 317 U.S. 492, 497, 63 S. Ct. 364, 367 (1943))); *see also Ratzlaf v. United States*, 510 U.S. 135, 140-41, 114 S. Ct. 655, 659 (1994); *United States v. Phillips*, 19 F.3d 1565, 1576-84 (11th Cir. 1994) (noting the difficulty in defining "willfully" and discussing the term in various contexts), amended to correct clerical errors, 59 F.3d 1095 (11th Cir. 1995); *United States v. Granda*, 565 F.2d 922, 924 (5th Cir. 1978) (noting, *inter alia*, that "willfully" has defied any consistent interpretation by the courts"); *see generally United States v. Bailey*, 444 U.S. 394, 403, 100 S. Ct. 624, 631 (1980) ("Few areas of criminal law pose more difficulty that the proper definition of the *mens rea* requirement for any particular crime.").

Based on the case law, the Committee has concluded that the criminal offenses that expressly include "willfulness" as an essential element can be divided into two broad categories. For the first category (Instruction 9.1A, which encompasses most offenses) "willfully" is defined to require that the offense be committed voluntarily and purposely with the intent to do something unlawful. However, the person need not be aware of the specific law or rule that his or her conduct may be violating. This definition is narrower than the traditional definition that has been used in our pattern charges in the past, but the Committee believes that this narrower definition is required under the law. *See, e.g. Bryan v. United States*, 524 U.S. 184, 118 S. Ct. 1939 (1998) (holding that the term "willfully" in 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) requires proof that the defendant knew that his conduct was generally unlawful, but does not require that the defendant knew of the specific licensing requirement that he was violating).

The second category of criminal offenses that have "willfulness" as an essential element have a heightened *mens rea* requirement. For this limited class of offenses, the Government must prove more than the defendant knew that his conduct was done with a bad purpose to disobey the law in general. The Government must prove that the defendant had an intent to violate a known legal duty, that is with the *specific* intent to do something the law forbids. For these offenses, the Committee recommends that the definition of "willfully" in Instruction 9.1B be given to the jury. These offenses include currency structuring statutes and certain tax laws, which tend to involve "highly technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan*, 118 S. Ct. at 1946 – 47. For example, *see Ratzlaf v. United States*, 114 S. Ct. 655 (1994) (holding that with respect to 31 U.S.C. § 5322(a) and the monetary transaction provisions that it controls, the Government must prove that the defendant acted willfully, *i.e.*, with specific knowledge that the structuring of currency transactions in which he was engaged was unlawful); *see also Cheek v. United States*, 111 S. Ct. 604, 609-10 (1991) (explaining that due to the complexity of tax laws, there is an exception to the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution," and "[t]he term 'willfully' [as used in certain federal criminal tax offenses] connot[es] a 'voluntary, intentional violation of a known legal duty'" (citing *United States v. Pomponio*, 429 U.S. 10, 12, 97 S. Ct. 22, 23 (1976) and *United States v. Bishop*, 412, U.S. 346, 360-61, 93 S. Ct. 2008, 2017 (1973))). In *Cheek*, the Supreme Court found error in the trial court's instruction to the jury that in order for the defendant's belief that he was not violating the law to be a defense, his good-faith belief must have been objectively reasonable. The Court further explained, however, that "a defendant's views about the validity of the tax statutes

are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206, 111 S. Ct. at 613.

### B10.2
### Caution: Punishment
### (Single Defendant, Multiple Counts)

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

~~You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.~~[4]

*If you find the defendant guilty on any count, it will be up to me to establish the punishment, which will include incarceration in prison. You are advised of the following:*

---

[4] The defense requests this language from the standard instruction be stricken and substituted with the language in the following five (5) paragraphs. The government objects to this modification.

*If you find the defendant guilty on Count 1, your verdict requires me to impose a sentence of at least fifteen (15) years in prison and authorizes me to impose a sentence up to thirty (30) years in prison.*

*If you find the defendant guilty on Count 2, your verdict requires me to impose a sentence of at least five (5) years in prison and authorizes me to impose a sentence up to twenty (20) years in prison.*

*If you find the defendant guilty on Count 3, your verdict requires me to impose a sentence of at least twenty (20) years in prison and authorizes me to impose a sentence up to life in prison.*

*If you find the defendant guilty of more than one count, I will determine whether the sentences run concurrently – meaning that the defendant serves them at the same time – or consecutively – meaning that the defendant finishes serving one sentence before serving another. The defendant will not be released early on parole from any prison sentence he receives.* [5]

---

[5] *Defendant makes this request to preserve it for further appellate review, recognizing the Supreme Court has previously ruled on whether juries must remain ignorant or be informed about the consequences of their decisions. Shannon v. United States, 512 U.S. 573, 579 (1994); Rogers v. United States, 422 U.S. 35, 40 (1975). In so doing, defendant relies on the arguments outlined in a recent law review article arguing that precedent was wrongly decided. Daniel Epps & William Ortman, The Informed Jury, 75 VAND. L. REV. 823 (2022).*

**ANNOTATIONS AND COMMENTS**

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 U.S.C. § 1962 (RICO offenses) or 21 U.S.C. § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ANNOTATIONS AND COMMENTS

*See United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); *United States v. Dunbar*, 590 F.2d 1340 (5th Cir. 1979).

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 22-CR-80173-CANNON-2

UNITED STATES OF AMERICA

-vs-

WILLIAM MICHAEL SPEARMAN

    Defendant.

_____/

## **<u>VERDICT FORM</u>**

We, the Jury, find as to Count 1, Conspiracy to Advertise Child Pornography:

GUILTY _____          NOT GUILTY _____

We, the Jury, find as to Count 2, Conspiracy to Distribute Child Pornography:

GUILTY _____          NOT GUILTY _____

We, the Jury, find as to Count 3, Engaging in a Child Exploitation Enterprise:

GUILTY _____          NOT GUILTY _____

SO SAY WE ALL

_____
FOREPERSON OF THE JURY

Dated: _____

**T1.1**
**Cautionary Instruction**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

You have just heard evidence of acts allegedly done by the Defendant that may be similar to those charged in the indictment, but were committed on other occasions. You must not consider this evidence to decide if the Defendant engaged in the activity alleged in the indictment.  But you may consider this evidence to decide whether:

- the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

- the Defendant had a motive or the opportunity to commit the acts charged in the indictment;

- the Defendant acted according to a plan or in preparation to commit a crime; or

- the Defendant committed the acts charged in the indictment by accident or mistake.

**Cautionary Instruction**
**Similar Acts Child Related Cases**
**(Rule 414, Fed. R. Evid.)[6]**

You [are about to hear] [have heard] evidence that the defendant may have committed other child pornography offenses not charged in the Indictment, including possession of child pornography in his home and involvement with websites other than those charged in the Indictment.  The defendant is not charged with these other offenses. You may consider this evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find that these offenses have not been proved, you must disregard them. If you find that these offenses have been proved, you may consider them and give them the weight and value you believe they are entitled to receive. You may consider the evidence of such other child pornography offenses for their tendency, if any, to determine the defendant's intent, determine the identity of the person who committed the acts charged in the Indictment, determine the defendant's motive, plan, design, and opportunity to commit the acts charged in the Indictment, determine the

---

[6] There is no instruction for the admission of evidence pursuant to Federal Rule of Evidence 414 in the Eleventh Circuit's Pattern Jury Instructions.

defendant's knowledge, and to rebut the contention of the defendant that his participation in the offenses charged in the Indictment was the result of an accident or mistake [or rebut the issue of _____ raised by the defense].

Remember, the defendant is on trial only for the crimes charged. You may not convict a person simply because you believe he may have committed another crime involving child pornography.

## ANNOTATIONS AND COMMENTS

Rule 414(a). Similar Crimes in Child Molestation Cases: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." " '[C]hild molestation' means a crime under federal law or under state law…involving…any conduct prohibited by 18 U.S.C. chapter 110 (F.R.E. 414(d)(2)(B))

**T3**
**Explanatory Instruction**
**Transcript of Tape Recorded Conversation**

Members of the Jury: Exhibit _____ has been identified as a typewritten transcript of the oral conversation heard on the tape recording received in evidence as Exhibit _____. The transcript also purports to identify the speakers engaged in the conversation.

I've admitted the transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording and also to help you identify the speakers.

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation or the identity of the speakers is entirely for you to decide based on your own examination of the transcript in relation to hearing the tape recording itself as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## ANNOTATIONS AND COMMENTS

*United States v. Nixon*, 918 F.2d 895 (11th Cir. 1990), held that transcripts are admissible in evidence, including transcripts that purport to identify the speakers, and specifically approved the text of this instruction as given at the time the transcripts were offered and received.