UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80173-CR-CANNON

UNITED STATES OF AMERICA

vs.

WILLIAM MICHAEL SPEARMAN,

Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

William Michael Spearman (hereinafter referred to as the "defendant") enter into the following

agreement:

1.      The defendant agrees to plead guilty to the following counts of the Second

Superseding Indictment: Count 3, which charges the defendant with engaging in a child

exploitation enterprise, in violation of Title 18, United States Code, Section 2252A(g).

2.      This is a conditional plea. Pursuant to Federal Rule of Criminal Procedure 11(a)(2),

this office consents to the defendant's entry of a conditional plea of guilty and reservation of his

right to seek appellate review only of the district court's denial of is motion to suppress evidence

(Docket Entry 146).   The defendant's motion alleged the warrantless seizure of his Internet

Protocol address (IP address) and sought to suppress all physical evidence seized and statements

as fruit of the poisonous tree as a result of the execution of a search warrant of his residence and

person (Docket Entry 74).   This office and the defendant agree that an order suppressing the

subject evidence, or an appeal granting such relief, is case dispositive.

3.      This office agrees to seek dismissal of Counts 1 and 2 of the Second Superseding

1

Indictment, as to this defendant, after sentencing.

4.      The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range, the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

5.      The defendant also understands and acknowledges that the Court must impose, as to Count 3, a minimum term of imprisonment of twenty (20) years and may impose a statutory maximum term of life imprisonment, followed by a term of supervised release of five (5) years up to life.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.   The Court may order forfeiture and must order restitution as outlined below.

2

6.    The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, pursuant to 18 U.S.C. Section 3013, a special assessment in the amount of $100 will be imposed on the defendant.  The defendant agrees that this special assessment shall be paid at the time of sentencing.  If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

7.    The defendant further understands and acknowledges that, pursuant to Title 18, United States Code, Section 3014, a special assessment in the amount of $5,000 will be imposed on the defendant if he is not indigent and is pleading guilty, in Count 3, to an offense under Chapter 110 (relating to sexual exploitation and other abuse of children).  The defendant agrees that this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal conviction, upon which this special assessment is based.

8.    The defendant further understands and acknowledges that, pursuant to Title 18, United States Code, Section 2259A, a special assessment not to exceed $35,000 may be imposed for Count 3.  The defendant understands that imposition of an assessment under this provision does not relieve him of, or entitle him to reduce, the amount of any other penalty by the amount of the assessment.

9.    The defendant understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, pursuant to 18 U.S.C. §§ 2259 and 2259A, the Court shall order the defendant to pay restitution because he is pleading guilty to an offense under Chapter 110.  The parties agree that any restitution ordered by the Court under 18 U.S.C. §§ 2259 and 2259A, shall include defendant's total offense conduct.

10.     Pursuant to 18 U.S.C. § 3663A(a)(3), the parties agree that restitution is not limited to Count 3, the offense of conviction in this case. The defendant agrees to pay restitution to any victims identifiable prior to the imposition of sentence, including victims of dismissed counts, relevant conduct, and any charged or uncharged child pornography offenses, which represents the full amount of those victims' losses as that term is defined in 18 U.S.C. § 2259(b)(3). The defendant further agrees that restitution is due pursuant 18 U.S.C. § 3663A(c)(1), for offenses and identifiable victims who have suffered a physical injury or pecuniary loss other than those he is pleading guilty to, but nonetheless gave rise to this plea agreement.

11.     The parties further understand and acknowledge that the amount of restitution the defendant will be ordered to pay will be calculated pursuant to 18 U.S.C. §§ 2259 and 2259A. Specifically, the Court will first determine the full amount of each victim's losses that were incurred, or are reasonably projected to be incurred by the victim, as a result of the trafficking of child pornography depicting the victim. The parties understand and acknowledge that, once the full amount of the victim's losses is determined, the Court will then order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000. The parties further understand and acknowledge that any individual victim's total aggregate recovery shall not exceed the full amount of that victim's demonstrated losses.

12.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as

4

to the quality and quantity of punishment.

13.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 4 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.  This agreement does not bind this Office as to its sentencing recommendation.

14.     Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the following property which is subject to forfeiture pursuant to Title 18, United States Code, Section 2253:

    a.  Lenovo ThinkPad Laptop, serial # PC-0DTEGP

    b.  Blue PNY 128 GB thumb drive, serial # 097902B887050

    c.  4tb OneTouch external HDD, serial #NABR6R4T

    d.  320 GB HGST hard disk drive, serial # Y1GE9Y6L

    e.  Getac S400 Laptop, serial # RC439S0359

    f.  Toshiba Satellite Laptop, serial # XC301289R

    g.  OCZ 960GB SSD, serial # Y5AB4045K1HU

h. Strontium 128GB thumb drive, serial # AACM2W3BQC12UKKL

i. SAMSUNG Galaxy S10E Cellular Phone, serial # R58M22E327F

j. Scorpio Blue Western Digital HDD, serial # WD3200LPVT,

k. Red PNY Memory Stick, serial # 1740730F04511F27

l. OCZ TRION150 Hard Drive, serial # Y5AB4045K1HU

m. Crucial Hard Drive BX200, serial # 1541F00DFE20

n. Cruzer Dial SanDisk 32gb thumb drive, SN: 4C531001490422115294

The defendant agrees that the above-listed assets represent: matter that contains a visual depiction of child pornography, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18 of the United States Code; or property used or intended to be used to commit, facilitate, or promote the commission of the offense as alleged in Count 3 of the Second Superseding Indictment.

15.     Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States.   Defendant further knowingly and voluntarily waives the following rights as to property subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth

6

Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the property by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement. Defendant further understands that the forfeiture of the property shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

16.     Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).   Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life.   Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information.   Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

17.     As a condition of supervised release, defendant shall register with the state sex offender registration in the state of Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration

7

information.  Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

18.     This is the entire agreement and understanding between this Office and the defendant.  There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 6/12/23                    By: _____

GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY

Date: 6/12/23                    By: _____

KYLE REYNOLDS
WILLIAM CLAYMAN
TRIAL ATTORNEYS, U.S. DEP'T OF JUSTICE

Date: 6/12/23                    By: _____

SCOTT BERRY
ATTORNEY FOR DEFENDANT

Date: 6/12/23                    By: _____

WILLIAM MICHAEL SPEARMAN
DEFENDANT

8