UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80173-CANNON

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

WILLIAM SPEARMAN,

 Defendant.
_____/

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

 Mr. Spearman objects to paragraphs 8, 13, 86, 99, 102, 104, 106, 107, 115, 157, and 178. In support, he states the following:

 **A. Paragraph 8**

 In paragraph 8, probation notes that, as part of the written plea agreement, Mr. Spearman agreed to forfeit all rights, title, and interest in all assets which are subject to forfeiture. Though not noted in the written agreement, the parties agreed on the record, during the plea colloquy, that the government will not seek forfeiture of Mr. Spearman's home.[1]

 **B. Paragraph 13**

 In paragraph 13, probation indicates that "images and videos he exchanged were generally not hosted on the Website A server itself." Mr. Spearman submits the word "generally" should be removed as the images and videos exchanged were not

---

[1] The address of this property is correctly noted on page 4 of the PSR.

hosted on the Website A server.

**C. Paragraph 99**

In paragraph 99, probation applied a 2-level enhancement under section 2G.2.6(b)(3) because "the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)." Section 2241 proscribes conduct whereby a person: (i) uses force against a minor; (ii) threatens or places the minor in fear that any person will be subject to death, serious bodily injury, or kidnapping; (iii) renders the minor unconscious; or (iv) administers by force or threat of force, or without knowledge or permission of the minor, a drug, intoxicant, or other similar substance and thereby substantially impairs the ability of the minor to appraise or control conduct. There is no evidence that Mr. Spearman engaged in any such conduct. This enhancement does not apply.

Mr. Spearman also objects to this enhancement because the facts supporting it were neither found by a jury nor admitted to him in the written plea agreement and factual proffer. He asserts that this violates his Sixth Amendment right to a trial by jury. However, he concedes this objection is currently foreclosed by *United States v. Chau*, 426 F.3d 1318 (11th Cir. 2005) (citing to *United States v. Booker*, 543 U.S. 220 (2005)). He objects in order to preserve the issue for further appellate review.

**D. Paragraphs 86 and 102**

In paragraphs 86 and 102, probation assesses a 4-level aggravating role enhancement under section 3B1.1(a) "based on his role as an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive." Mr. Spearman objects to the 4-level increase and submits a 3-level increase under

subsection (b) is appropriate.

In considering whether a 3- or 4-level enhancement is appropriate, the commentary for section 3B1.1 indicates this Court should consider:

> The exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature an d scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, comment (n.4).

Considering these factors, probation recommended aggravating role enhancements for two of Mr. Spearman's coconspirators – Selwyn Rosenstein and Gregory Good. Rosenstein was the site's "second highest-ranking administrator." [PSR ¶ 87]. He provided advice, promoted users, reset passwords, congratulated newly promoted staff members, provided staff members with information about server and technical issues on the site, maintained and distributed a log of user posts, and posted about user security, remaining anonymous, and how to share child pornography. [PSR ¶ 87]. Good, also a "high-ranking" staff member, participated in staff meetings, donated money to the site, recommended users for promotion, welcomed users to the site, provided users with guidance, recruited users to serve as moderators on the site, and posted links to child pornography. [PSR ¶ 88].

Despite their exceptionally high rank within the site's hierarchy, their extensive participation in the site's operation, their exercise of broad decision-making authority, and the extent of their illegal activities on the site, probation recommended only 3-level enhancements for each of them. [PSR ¶¶ 87, 88].  Even Good's

3

recruitment responsibilities were not enough to convince probation of the need for an additional level. And for Rosenstein, who has already been sentenced, this Court agreed to only the 3-level increase. [PSR 87]. While Mr. Spearman's responsibilities as an administrator differed in some respects to those of both Rosenstein and Good, he submits that imposing the 4-level increase would create an unwarranted sentencing disparity his similarly-situated and equally-culpable coconspirators. *See* 18 U.S.C § 3553(a)(6).

### E. Paragraph 106

In paragraph 106, finding Mr. Spearman's guilty plea untimely, probation denied him a 2-level acceptance of responsibility reduction under section 3E1.1(a). [¶ 106]. Mr. Spearman objects because timeliness is not required for the reduction under that subsection of the guideline.

Section 3E1.1 states:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense by **2** levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by **1** additional level.

USSG § 3E1.1.

Read in its entirety, the guideline is unambiguous – a 2-level reduction is warranted where "the defendant clearly demonstrates acceptance of responsibility for

his offense." Mr. Spearman did that when he pled guilty.

Nothing in the plain language of subsection (a) suggests timeliness is required for the reduction. In fact, the only reference to timeliness within the guideline appears in subsection (b), which predicates an additional one-level reduction on timely notification to authorities of a defendant's decision to plead guilty. USSG. § 3E1.1(b). Because "[a] drafting body such as the Sentencing Commission generally acts intentionally when it uses particular language in one section . . . but omits it in another," particularly where those sections are "in close proximity" to each other, the omission was clearly intentional. *United States v. Dupree*, 57 F.4th 1269, 1278 (11th Cir. 2023) (*quoting Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 391 (2015)(quotation marks omitted). In other words, if the Commission intended the Court consider timeliness under subsection (a), it would have said so.

And, while the commentary to subsection (a) suggests the Court should consider timeliness, USSG. § 3E1.1, comment. (n.1 (H)), the Eleventh Circuit recently found the commentary cannot expand the interpretation of an otherwise unambiguous sentencing guideline. *Dupree*, 57 F.4th at 1273-1277. In *Dupree*, the Court analyzed whether inchoate offenses qualified as "controlled substance offenses" under the career offender guideline. Noting the guideline, sans commentary, defined the term without reference to inchoate offenses, and that this omission stood in "stark contrast" to the same guideline's definition of a "crime of violence" (which included attempted crimes in its definition), the Court determined the guideline was unambiguous and did not include inchoate offenses. *Dupree*, 57 F.4th at 1277-1279.

5

As such, the Court concluded it had "no need to consider, much less defer to, the commentary." *Id*. at 1279. Mr. Spearman submits the same is true here.

Even if the commentary were binding on this Court, the timeliness of Mr. Spearman's decision to plead guilty does not prohibit the acceptance reduction. While the adjustment is not intended to apply where a defendant only admits guilt after a jury convicts him, USSG § 3E1.1, comment, (n.2), that did not happen here. Rather, Mr. Spearman admitted guilt before a single juror was ever sworn, jeopardy attached, an opening statement was made, a witness testified, or evidence was presented. He cross examined no one and offered no defense. Moreover, five days earlier, he offered to plead guilty under circumstances identical to those under which he ultimately pled. In other words, even considering the commentary, timeliness is but one factor for the Court to consider, and the decision to plead guilty before the government was actually put to its burden or a jury was forced to decide whether that burden had been met should weigh heavily in favor of granting the reduction. USSG § 3E1.1, comment. (n.3).

**F. Paragraphs 104, 107, and 157**

In paragraphs 104 and 107, probation indicates the adjusted offense level and the total offense levels are 47 and 43, respectively. In paragraph 157, based on a total offense level of 43 and a criminal history category I, probation determines the guideline range is life. However, if this Court sustains Mr. Spearman's objections to paragraphs 99, 102, and 106, the adjusted offense level would be 44, the total offense level would be 42, and the guideline range would be 360 months to life.

6

G. **Paragraph 115**

In paragraph 115, probation incorrectly notes Mr. Spearman's father died on December 14, 2023. The correct date of death is December 14, 2013.

H. **Paragraph 178**

In paragraph 178, probation recommends no contact with minors as a condition of any supervised release. Mr. Spearman has a minor son and asks the Court provide an exception to the no contact order to permit contact with him.

                                          Respectfully submitted,

                                          MICHAEL CARUSO
                                          FEDERAL PUBLIC DEFENDER

                                          *s/Scott Berry*
                                          Scott Berry, B.C.S.
                                          Assistant Federal Public Defender
                                          Attorney for Defendant
                                          Bar Number: 0525561
                                          250 South Australian Avenue
                                          Suite 400
                                          West Palm Beach, Florida 33401
                                          Phone: (561) 833-6288
                                          Email: *scott_berry@fd.org*

**CERTIFICATE OF SERVICE**

I HEREBY certify that on August 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/Scott Berry*
Scott Berry