# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-80173-CR-CANNON

UNITED STATES OF AMERICA

vs.

WILLIAM MICHAEL SPEARMAN,

      Defendant.

_____/



FILED BY _____ *PCS* _____ D.C.

SEP 0 5 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## GOVERNMENT'S MOTION TO SEAL
## PORTIONS OF SENTENCING PAPERS

The United States hereby files the instant motion to seal portions of the United States' Sentencing Memorandum and Response to Defendant Spearman's Motion for a Downward Variance ("Memorandum").

Local Rule 5.4(c) provides as follows:

> (c) **Procedure for Filing Under Seal in Criminal Cases.** A party seeking to make a filing under seal in a criminal case shall:

>> (1) Conventionally file a motion to seal that sets forth the factual and legal basis for departing from the policy that Court filings be public and that describes the proposed sealed filing with as much particularity as possible without revealing the confidential information. The motion shall specify the proposed duration of the requested sealing. Unless the Court expressly orders otherwise, the motion to seal will itself be sealed from public view and the docket text appearing on the public docket shall reflect only that a sealed filing has been made.

>> (2) Conventionally file the proposed sealed filing in a plain envelope clearly marked "sealed document" with the case number and style of the case noted on the outside.

This case arises out of "Website A," which was a website dedicated to child pornography and the discussion of child sexual abuse. It had thousands of users. The FBI has been investigating Website A and its users for several years. Many users of Website A have not been identified, and

others have been fully or partially identified but not yet arrested. The investigation into Website A and its users remains ongoing.

In order to protect the ongoing investigation, the United States has gone to great lengths to keep certain details about the website and users under investigation non-public. This includes, for example, the real name of Website A and the usernames of its users. The United States seeks to keep this information confidential because if it were publicly disclosed, former Website A users who have not yet been arrested or identified could determine that this investigation concerns Website A and they could then determine the scope and direction of the investigation, the extent to which the FBI infiltrated Website A, and certain sensitive techniques and sources the FBI has used in the course of the investigation. Such users could then take steps to compromise the ongoing investigation, including by publicizing this sensitive information, destroying evidence, changing patterns of behavior, or fleeing.

The United States' Memorandum contains sensitive information about the investigation, including the defendant's username on Website A and certain identifying information about rooms on the website. In addition, Attachment A to the United States' Memorandum contains additional details about the website, including the management structure, usernames, and references to Website A's rooms.

Accordingly, the United States respectfully requests that the Court (A) publicly file only a redacted version of the United States' Memorandum, and keep the unredacted version under seal, and (B) seal Attachment A and this motion in its entirety. The United States respectfully submits that these are the least intrusive methods for protecting the information in question. Because the United States and FBI cannot currently say when the investigation will conclude, the United States asks the Court to keep these matters sealed until further order of the Court.

Filing the documents partially under seal, as requested, will allow all parties, the Court, and the Appellate Court, if necessary, to have access to un-redacted and original versions of the evidence for ease of identification.  It does not appear that any party, current or future, would be prejudiced by this method of filing in a case with such voluminous material.

The United States has consulted with Scott Berry, counsel for the Defendant, who does not object to the relief sought in this motion.

Respectfully submitted,

STEVEN J. GROCKI
CHIEF

By: *s/ KYLE P. REYNOLDS*
        Kyle P. Reynolds
        Trial Attorney (Court ID # A5502872)

        William G. Clayman
        Trial Attorney (Court ID # A5502958)
        U.S. Dept. of Justice, Criminal Division
        Child Exploitation and Obscenity
        Section
        1301 New York Avenue, NW
        Washington, DC 20005
        Phone: (202) 616-2842
        Email: william.clayman@usdoj.gov
        Email: kyle.reynolds@usdoj.gov

        Gregory Schiller
        Assistant United States Attorney
        Fla. Bar. 048477
        500 S. Australian Ave., Suite 400
        West Palm Beach, FL 33401
        Phone: 561-209-1045
        Email: gregory.schiller@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document will be

filed conventionally and emailed to counsel for Mr. Spearman this day, September 5, 2023.

<u>*s/ Kyle P. Reynolds*</u>
Kyle P. Reynolds
Trial Attorney
U.S. Department of Justice, Criminal Division
